## WALKER *v.* FLINT and others.[*]

*(Circuit Court, E. D. Missouri. March 29, 1882.)*

**1. PLEADING—GENERAL DENIAL.**

A general denial is not equivalent to a general issue at common law. It only puts the plaintiff to proof of his substantial allegations. If the defendant has an affirmative defence in the nature of an avoidance he should plead it.

**2. SAME—STATUTE OF LIMITATIONS.**

The statute of limitations cannot be set up as a defence under a general denial.

**3. REAL PROPERTY—ESTOPPEL.**

Where A. erected one wall of an expensive building upon land to which he believed he had good title, but which was really owned by B., and B., with full knowledge of the fact that said wall was being erected, failed to claim any interest in the land or make any objection to the erection of said wall thereon, *held* that he was thereafter estopped to claim title to the ground upon which the wall stood.

Ejectment. Demurrer to answer.

This is a suit to recover a strip of land $2\frac{1}{2}$ feet in width by 137 feet in depth, alleged by plaintiff to be a part of a lot set apart to him in certain proceedings in partition to which the Life Association

[*] Reported by B. F. Rex, Esq., of the St. Louis bar.

of America was a party. The plaintiff alleged in his petition that after the decree was made in said proceedings, allotting said land to him, said association erected a building partly upon adjoining property and partly upon the land in controversy, and leased it to Coan & Flint, (defendants;) and that said association was thereafter dissolved and its property transferred to Relfe, (the other defendant,) state superintendent of insurance, to whom said lessees thereupon attorned. The defendants made a motion to dismiss as to Relfe, but it was overruled. See 7 FED. REP. 435. They then filed an answer in which they—

(1) Denied each and every allegation of the petition, and alleged—

(2) That neither the defendant nor any one under whom he claimed had been seized or in possession of the premises in controversy within 10 years before the commencement of the action.

(3) That the defendants and their grantors have been in open, notorious, and continuous possession of the premises, under claim and color of title thereto adversely to the plaintiff and to all the world, for a period of more than 10 years next prior to the inception of this suit.

(4) That the premises had been occupied by one Walker—under whom plaintiff claims title—for a term of 21 years and 6 months,—from January 1, 1847,—under a lease from the party under whom defendants claimed, and that said Walker had surrendered said premises at the expiration of his term.

(5) That said association erected the building alleged to have been erected by it in good faith, and without any notice or knowledge of any claim on the part of the plaintiff or his ancestor, and with the knowledge of plaintiff and those under whom he claims that the south wall of said building stands upon the strip of land in controversy, and that its removal would cause great and irreparable damages.

(6) That the defendants should not be estopped by reason of the decree obtained in the partition proceedings referred to, because at the time of the said partition proceedings said association was not the owner of the land in controversy, and was not made a party by reason of any claim thereto.

The plaintiff demurred to the answer on the ground that the matters alleged in the special defences may be given in evidence under the general denial.

*Sansum & Jones,* for plaintiff.

*Lee & Chandler* and *Carr & Reynolds,* for defendants.

TREAT, D. J. The main question is as to estoppel *in pais* alleged in the answer, while the petition avers on the other hand, substantially, an estoppel by record. The petition sets out with great fullness the sources of plaintiff's title, and by anticipation negatives any question of estoppel or limitation which defendants may aver. The main ground of plaintiff's averments as to estoppel of record relates to the

fact that the Life Association of America, the landlord defendant, was a party to the partition suit, while the answer of the defendants directs attention to the alleged fact that said partition suit was for many parcels of property, in one only of which that association was interested, and that was a parcel of ground in Carondelet, miles away from the *locus in quo* in this case. The answer then avers further that said association, with full knowledge of the plaintiff, proceeded, after having acquired possession of the abutting property of plaintiff, to erect thereon an expensive building, without objection, and that now plaintiff's demand would be, if upheld, disastrous, far beyond the value of the 2½ feet of land in question. The property subsequently acquired by the association was not property involved in the partition suit, but was an abutting tract.

Is a party to a partition proceeding, who subsequently acquires adjoining property not involved in the partition suit, estopped from disputing the calls in such a proceeding for lands included therein, when he thereafter becomes the grantee of adjoining property? Thus the defendant landlord had no interest in plaintiff's lot now claimed, but became a party to the suit in partition to protect its interests in a tract miles away. After partition had, it purchased a tract far away, which adjoins what had been set apart to plaintiff. Having become the owner of said adjoining tract, he was not estopped by the record in partition, and if it be true that, after such purchase, it proceeded with full knowledge and without objection of plaintiff to erect an expensive edifice, which possibly trespasses to the extent named on plaintiff's property, is there not an estoppel *in pais?*

The first defence is a general denial. It is contended that under such denial the defendants can rely on the statutes of limitation, and therefore that the two defences pertaining to limitations are improper. The uniform ruling of this court has been that a general denial under the Code is not equivalent to a general issue at common law, whereby certain affirmative or *quasi* affirmative matters can be heard. A general denial puts the plaintiff to the proof of his substantive allegations, upon which his right of recovery depends. If the defendant has an affirmative defence in the nature of an avoidance, he must plead it. In this case, in conformity with such rulings, the defence is in the first special plea one state of facts, and in the second plea another state of facts, either of which, if true, would defeat the plaintiff's alleged cause of action. Each is well pleaded, and no demurrer thereto can prevail.

· The other defence is more difficult; but what has been stated above explains the views of the court as to estoppels of record and estoppels *in pais*. If the averments with respect thereto are well founded, they constitute a valid defence.

In a former opinion of this court there was a *dictum* based on the then state of pleadings; but now a different showing is made, raising other and substantial issues: *First*, as to the alleged estoppel by record; and, *second*, as to estoppel *in pais*.

Hence, the demurrer to the special defences in the answer are overruled.