## McINERNEY v. VIRGINIA-CAROLINA CHEMICAL CO

(Circuit Court, D. South Carolina.  November 12, 1902.)

1. CONTRIBUTORY NEGLIGENCE—PLEADING.
   Under the rule of code pleading that the facts relied on be stated in a clear and concise manner, an answer alleging that the injuries causing the death of plaintiff's intestate arose from his carelessness, negligence, and fault may be required to be made more definite.

Legare & Holman and B. A. Hagood, for plaintiff.
Mitchell & Smith and Mordecai & Gadsden, for defendant.

SIMONTON, Circuit Judge.  These are motions to make the answer and the amended answer more definite and certain.  The complaint seeks damages for personal injuries to the plaintiff's intestate caused by the alleged negligence of defendant.  It states that the intestate was a stevedore at work unloading cargo from

a steamship at defendant's wharves; that defendant undertook to furnish all appliances and machinery for unloading the vessel, and did in fact furnish them; that while the intestate was engaged in discharge of his duty, unloading the vessel, standing in front of the hatch, the chain used in raising the tub out of the hatch broke from the derrick, fell, and struck the intestate on the head, inflicting a fatal injury; that the chain broke because of a defective link, worn, rusted, and rotten, used through the negligence of defendant. The answer denied all the allegations of the complaint which sought to hold defendant liable for this accident, and, as a further defense, alleged that the injuries received and suffered by the intestate at the time and place mentioned in the complaint, and from which it is alleged that he had died, were suffered and received in consequence of, and were due to and arose from, the carelessness, negligence, and fault of the intestate. The answer was subsequently amended by adding a further defense; that is to say, that the intestate was a minor son of plaintiff, and in his care and custody, and that the injuries suffered by the intestate at the time and place mentioned in the complaint, and from the effects of which it is alleged that the intestate died, were suffered and received in consequence of, and were due to the carelessness and negligence of, his father, the present plaintiff, his administrator. The motions now are that the defendant make its answer and amended answer more definite and certain, by specifying and setting forth the particular act or acts of negligence charged to have been committed by the intestate and by his father, the present plaintiff.

The mode of presenting the defense of contributory negligence used by the defendant in this case is in accordance with the practice which has prevailed in South Carolina since the adoption of code pleading, in 1870. No question has been made of it at any time,—at least, none which has been passed upon in any reported case. It is therefore res integra in this jurisdiction. But if the practice be tested by the rules of code pleading, it will appear that it is defective. The rule governing all code pleading—complaint and answer—is that the facts relied upon be stated in a clear and concise manner, and from the facts so stated the legal conclusion is drawn. If a defendant charged with negligence relies on contributory negligence on the part of the plaintiff, he must plead it specially, and when pleaded the burden of proof is on him to maintain it. Railroad Co. v. Horst, 93 U. S. 298, 23 L. Ed. 898. It is an affirmative defense in the nature of a plea of confession and avoidance. This defense goes farther than a general denial. Under the defense of a general denial, the plaintiff must prove that the negligence of the defendant was the proximate cause of the injury. And the defendant can introduce any evidence contradicting that. He may show that his conduct in no wise contributed to the injury, and may go farther, and show that the injury was caused wholly by the act of the plaintiff. But where he sets up the defense of contributory negligence, he, in effect, says: "It may be true that I was negligent, but at the same time I can show that you also were negligent, and so notwithstanding my negligence you cannot recover." In other

words, by inserting this defense he introduces new matter,—other facts, which, if they do not justify him, debar the plaintiff. And under the rule of code pleading he must set out concisely these facts from which the legal conclusion can be drawn. Before the plaintiff can recover, he must set out, as well as prove, the specific acts of defendant by which negligence will appear; and so, when defendant relies for his defense on the cotemporaneous negligence of plaintiff, he must set out the facts,—the specific acts of plaintiff by which his negligence will appear. To put it in another way: If a defendant wishes to rely upon the rule that the plaintiff must prove his case, the general denial would accomplish his purpose. But if he intends to go beyond this, and to avail himself of a defense, notwithstanding that negligence may be proved against him, by showing contributory negligence on the part of the plaintiff, he must state his facts upon which he relies, from which negligence could be inferred.

I am of the opinion, notwithstanding the prevalence of the practice in the state of South Carolina of barely averring that plaintiff was guilty of contributory negligence, that when that practice is examined it is found erroneous; that the plaintiff is entitled to his motion that the answer, in the respects complained of, be made more definite and certain. It is so ordered.