## GADONNEX v. NEW ORLEANS RY. CO.

(Circuit Court, E. D. Louisiana. January 8, 1904.)

No. 13,168.

**1. PLEADING—DEFENSE OF CONTRIBUTORY NEGLIGENCE—MOTION TO MAKE ANSWER MORE SPECIFIC.**

Under the rule of the federal courts that contributory negligence is a matter of special defense, the facts constituting such negligence must be set out, and, where the answer contains only a general averment, a motion will lie to require it to be made more specific, when under the practice of the state in which the court is sitting, as in Louisiana, such motion would lie as to any matter of special defense.

At Law. On motion to require answer to be made more specific.

Lapeyre, Monroe & Breazeale, for plaintiff.
Dart & Kernan, for defendant.

PARLANGE, District Judge. It is well settled—no citation of authorities on the point being necessary—that, in the federal courts, contributory negligence is a matter of defense. The contrary doctrine prevails in the courts of the state of Louisiana.

There is no reason why a defendant setting up such a special defense in a federal court sitting in this state should not be required to make it as distinct and specific as the plaintiff's demand is required to be made. On the issue raised by such a special defense, the defendant holds the affirmative, and stands in the attidude of a plaintiff quoad the special defense. If it be but just and fair that the plaintiff be required to distinctly inform the defendant as to his demand, it is equally just and fair that the defendant, who introduces an issue into the cause as a matter of special defense, should inform the plaintiff of the act or acts upon which reliance is placed in support of that defense. This question has been clearly and fully passed upon by Circuit Judge Simonton in McInerney v. Virginia-Carolina Chemical Co., 118 Fed. 653. In volume 5, p. 12, Ency. of Plead. & Prac. verbis "Contributory Negligence," it is said:

"In those states where it is incumbent on the defendant to plead contributory negligence specially, and where the defense cannot be made under a general denial, the trend of the authorities is that a general averment that the plaintiff was guilty of negligence which contributed to the injury, and that he could have avoided all damage by the exercise of proper care, is not sufficient. The acts and defaults constituting such contributory negligence should be averred."

Specially see the cases in the notes. At page 14 of the same volume of the same work, it is said:

"If the defendant, in specially pleading contributory negligence, does not state the particulars in which the plaintiff was negligent, he may be compelled, on motion, to make his answer more definite and certain; and that, although he would have been permitted to make the defense of contributory negligence under the general denial."

See, also, the note to King v. Oregon Short Line Co., in 59 L. R. A., at page 277.

The plaintiff's motion that the defendant's answer be made more specific concerning the defense of contributory negligence must be granted.

On Reargument.

(February 23, 1904.)

This matter has been carefully reargued before me, briefs have been filed, and I have re-examined the matter de novo. The question is.: Must a defendant in a personal injury case, brought in a federal court sitting in Louisiana, who wishes to charge the plaintiff with contributory negligence, state the acts which he relies upon to substantiate the charge, if, seasonably and before trial, he is called upon by the plaintiff to do so? Evidently the matter is one which, even in a federal court, is governed by the procedure of the state in which the court is sitting. Rev. St. U. S. § 914 [U. S. Comp. St. 1901, p. 684]. This is distinctly conceded in Canadian Pacific Ry. Co. v. Clark (Second Circuit) 73 Fed., at page 81, 20 C. C. A. 452, a case much relied upon by the defendant's learned counsel at the reargument and in his brief. The jurisprudence of the Supreme Court of Louisiana is that the plaintiff must prove, as part of his case, that he was not guilty of contributory negligence, while the opposite rule governs in the federal courts.

The question under consideration is therefore to be solved by determining in what manner contributory negligence would be required to be pleaded in a state court of Louisiana, if the Supreme Court of Louisiana were to reverse its present jurisprudence, and to align itself with the Supreme Court of the United States and the other courts which hold that contributory negligence is a defense. I do not see how the least difficulty or doubt could arise in determining that matter. It results clearly, from numerous decisions of the Supreme Court of Louisiana, that one of the basic rules of the Louisiana procedure is that a defendant who, in stating his defense, is not satisfied with a denial of his adversary's averments, but wishes, as a matter of special defense, to introduce a new issue not raised by his adversary, must, if he is seasonably required to do so, plead the special defense clearly and distinctly. This doctrine is so well settled that I deem a citation of Louisiana authorities unnecessary. Obviously, this is required as a matter of fairness to the adversary, so that he may have an opportunity to meet the new issue; and it is also required in order that the court may judge for itself whether the defense is or is not a mere erroneous conclusion of the pleader.

It is perfectly plain that the defense of contributory negligence introduces new matter into the controversy, and as to such new matter the defendant is in the attitude of a plaintiff, who is called upon to give his opponent fair notice of the acts upon which he relies. And it cannot be doubted that contributory negligence, while not a pure plea in confession and avoidance, is in the nature of such a plea. It does not judicially admit the plaintiff's negligence, but, as was very clearly and aptly said by Circuit Judge Simonton in McInerney v. Virginia, etc., Co., 118 Fed., at pages 654 and 655:

"It is an affirmative defense in the nature of a plea of confession and avoidance. This defense goes farther than a general denial. Under the defense

of a general denial, the plaintiff must prove that the negligence of the defendant was the proximate cause of the injury. And the defendant can introduce any evidence contradicting that. He may show that his conduct in no wise contributed to the injury, and may go farther, and show that the injury was caused wholly by the act of the plaintiff. But, where he sets up the defense of contributory negligence, he in effect says: 'It may be true that I was negligent, but at the same time I can show that you also were negligent, and so, notwithstanding my negligence, you cannot recover.' In other words, by inserting this defense, he introduces new matter—other facts which, if they do not justify him, debar the plaintiff. And under the rule of Code pleading he must set out concisely these facts from which the legal conclusion can be drawn. Before the plaintiff can recover, he must set out, as well as prove, the specific acts of defendant by which negligence will appear; and so, when defendant relies for his defense on the contemporaneous negligence of plaintiff, he must set out the facts—the specific acts of plaintiff by which his negligence will appear."

Neither the conclusion reached in the case of Canadian Pacific Ry. Co. v. Clark, supra, nor anything that was said in the main opinion in that case, militates in any manner against my view of the matter in hand. The Clark Case was an action on the case under common-law pleadings, and the court admits that the rule which it announces might be different under Code pleading. The general issue at common law and the general denial under Code pleading are not equivalents. There are defenses of which a defendant may avail himself under the general issue which he would not be allowed to make under the general denial. Ency. Pl. & Prac. verbis "Trespass on the Case," vol. 21, p. 921; Id. verbis "Answers in Code Pleading," vol. 1, p. 816, and cases cited in the notes; also, Walker v. Flint, 11 Fed. 31.

But with much that was said in the concurring opinion in the Clark Case, 74 Fed. 362, 20 C. C. A. 447, I cannot agree, notwithstanding my great respect for the opinions of the learned judge who wrote the latter opinion. A case is supposed where, until the trial, the defendant has no knowledge whatever warranting a belief sufficient to authorize him to plead the plaintiff's contributory negligence—the knowledge, locked up in the plaintiff's breast, being only obtained at the trial under the stress of cross-examination; and it is stated that it would be unjust to deprive the defendant of a meritorious defense merely because he had not and could not have learned of it until the trial. But no such injustice could be inflicted, because it is well settled that the defendant, even if he has not pleaded contributory negligence, can avail himself—without the necessity of an amendment, and without right, on the plaintiff's part, to a delay—of the plaintiff's contributory negligence appearing from the plaintiff's own case. Washington & Georgetown Rd. v. Harmon, 147 U. S. 580, 581, 13 Sup. Ct. 557, 37 L. Ed. 284; Indianapolis R. R. Co. v. Horst, 93 U. S. 298, 299, 23 L. Ed. 898; Chicago G. W. Ry. Co. v. Price (Eighth Circuit) 97 Fed. 430, 38 C. C. A. 239; McMurtry v. L., N. O. & T. Ry. Co., 67 Miss. 607, 7 South. 401; Enc. Plead. & Prac., verbis "Contributory Negligence," vol. 5, p. 13, text and cases there cited.

Benefit, and not hardship, results to the defendant from the view of the matter in hand which seems to me to be the logical and correct view. He is given an advantageous position. He is permitted to elicit evidence by legitimate cross-examination of his adversary. Not so with one who wishes to sue for a killing occurring on the track of

a railroad company, or in some other accidental manner, under circumstances which preclude him from knowing the facts of the accident. He cannot sue without alleging fault and the facts constituting the fault, and he is afforded no opportunity to elicit evidence from the opposite party. If a defendant is not satisfied with the advantage and benefit given him of obtaining, if he can, evidence from his adversary, even when contributory negligence has not been pleaded, but wishes, in addition, to set up independently an affirmative defense, why should he be permitted to do so without alleging facts? Either he knows the facts, or he does not. If he knows them, he must state them, and not attempt, by withholding them, to surprise his adversary. If he does not know the facts, he should not be allowed to set up an unfounded issue. Excepting only the general denial, which is understood to be in most cases but a call on the plaintiff to prove his averments, I do not know of any substantial pleading which a litigant should be allowed to make without at least some bona fide belief that it can be substantiated by proof.

I am confirmed in the conclusion heretofore reached by me on the original hearing.