Hoeeheimer, J.
Heard on motion to make the answer more definite a-nd certain by requiring defendant to specify what acts- of negligence or carelessness of plaintiff caused the injuries complained of.
Plaintiff averred he was a passenger on one of defendant’s ears; that the ear became derailed and jumped the track while descending a steep hill at a sharp curve and was violently driven into a bluff, catching- plaintiff in the wreck, severely injuring •him that said derailment 'and injuries were caused without fault on his- part, and wer.e due solely to defendant’s negligence; wherefore damages are claimed.
The answer is (a) a general denial and (b) plea for contributory negligence.
The motion -herein is directed to the general -averment of negligence as set up in the plea of contributory negligence.
*528 In resisting this motion the defendant contends that inasmuch as the plaintiff charges defendant with negligence and also avers he was without fault, the general denial raises two issues of fact: (1) an issue as to defendant’s negligence- (2) an issue as to plaintiff’s contributory negligence; and it is claimed, therefore, that the additional language in defendant’s answer averring contributory negligence is mere surplusage, neither extending nor limiting the scope of the issue, and that, therefore, no •motion to make more definite and certain what i-s mere surplusage can lie.
This reasoning is fallacious, and is evidently based on Coal v. Estievenard, 53 O. S., 43; and Barrackman v. C., C., C. & St. L. Ry. Co., 1 N. P.—N. S., 237.
The report of the last mentioned case does not, however, set forth the facts upon which the action was founded, but the court follows Coal Co. v. Estievenard,, which was a ease involving 'the relation of master and servant. In that ease it appears that the answer was a general denial, and the court charged on contributory negligence. Whether this was done because the issue as to the negligence of plaintiff was joined on a general denial, or whether the evidence justified such a charge is not clear. At any rate, at p. 51 of Coal Co. v. Estievenard the court in its opinion said:
“The defense to the action* rested principally upon the application of the doctrine of contributory negligence. The plaintiff avers in his petition that he was without fault or negligence in the premises. This allegation is denied in the answer and thus the issue is fairly joined upon the question of negligence on part of plaintiff below. While the issue as to plaintiff’s contributory' negligence is thus made up by the averment of the petition and denial in the answer, the course of the trial and proof remained the same as if the answer had averred contributory negligence and the reply had denied the same. ’ ’
Recently in Traction Co. v. Forrest, Vol. 3, O. L. R., 34 (Supreme Court Supplement, p. 12), the Supreme Court has laid down the rule that—■
“Where in a suit to recover for personal injuries occasioned by the alleged negligence of the defendant, the petition, after *529 stating the facts upon which the plaintiff bases his action, avers that the plaintiff was free from fault and the answer is a general denial, there is no issue of contributory negligence; and where, in such case, the testimony introduced by the plaintiff does not tend to show contributory negligence, it is error for the court to introduce the element of contributory negligence in its charge to the jury and give instructions thereon. ’ ’
Whatever theory the court may have proceeded, on in Coal Co. v. Estievenard, whether it was because the issue of contributory negligence was deemed proper, inasmuch as the general denial joined the issue on negligence, or whether it was (and this would seem to be the true reason) because the plaintiff’s evidence warranted the Charge, it seems immaterial. If it was for the former reason, the rule is abrogated by Traction Co. v. Foorest. And even if that were not the case, the averment in the petition under consideration, that plaintiff was without fault, was an unnecessary averment, as the averment necessary to state the cause of action in no way 'suggested the .implication of negligence and, therefore, there was no implication of negligence to be negatived. The general denial does not raise any issue of plaintiff’s negligence, and if it is desired to raise the issue of plaintiff’s contributory negligence, that.issue, as we have seen, can only be raised (ft) when pleaded as a defense; (b) when the testimony of the plaintiff tends to show, contributory negligence. See also Street Ry. v. Nolthenius, 40 O. S., 376-380.
So much for defendant’s general denial.
As to the part of defendant’s .answer which states “that if plaintiff sustained injuries, they were directly due to the negligence and carelessness of the plaintiff,” this is not, as defendant claims, mere surplusage. Indeed, if defendant intends to rely on any negligence of plaintiff as being contributory, as matter of defense, is becomes a necessary allegation. But this plea of contributory negligence as thus set out in defendant’s answer, it will be noted, does not state any act on plaintiff’s part that caused the injury, nor does it state that any act was negligently done by plaintiff. In other words, no specific facts or acts of omission or commission are alleged. This, in effect, *530 is ¡simply pleading a general -averment -of plaintiff’s negligence. If in an action for negligence a petition were framed so as to contain a general charge ¡of negligence merely, while it would probably be proof against demurrer, it would nevertheless be subject to motion for indefiniteness (Railway Co. v. Kistler, 66 O. S., 326). Why, therefore, should not the same rule be applicable to a general averment of negligence set up as a substantive defense? Surely the plaintiff is as much entitled to- know the charge he must meet as is- the defendant -to- know what he must .answer.
In McInerny v. Chemical Co., 118 Fed., 653, the syllabus reads:
“Under the rule of code pleading that the facts relied on be stated in a clear and concise manner, an answer that the injuries causing the death <of plaintiff’s intestate arose from his- carelessness, negligence and fault may be required to be made more definite and certain.”
At page 64 of the same act it was said substantially—
“This practice (setting up general averments only) which has gone unchallenged, if tested by the rules of code pleading, will be found defective. Where the defendant sets up the defense of contributory negligence he, in effect, by inserting the same introduces new matter; other facts which if they be not justified may debar the plaintiff, and under the rule of code pleading he- must set ¡out concisely these facts. To put it in another way: If defendant wishes to rely on the rule that plaintiff must prove his case, the general denial would be sufficient, but if he attempts to go beyond this and avail himself of a defense of contributory negligence, he must show his facts upon which he relies and from which negligence could be inferred.”
Section 5088 of the Revised Statutes of Ohio provides when the allegations of a pleading are so indefinite and uncertain that the precise nature ¡of the charge or defense is not apparent, the court may ¡require the pleading to be made definite and certain by amendment. As said by Burket, J.:
£ £ This means that the court shall in a proper ease require the pleading to be made definite and certain. It was not a mere *531 matter of discretion. It is a substantial right to a party to have the pleading's against him so definite and certain as to enable him to know what he has to meet and to prepare his evidence accordingly. ’ ’
Guido Gores and Charles M. Cisl, for the motion.
H. Kenneth Rogers and Ellis G. Kinkead, contra.
In view of the foregoing the motion must be granted.
Walter A. DeCamp and D. V. Sutphin, for the administratrix.
E. G. Kinlcead, contra.