## JEFFERSON HOTEL CO. v. WARREN.

(Circuit Court of Appeals, Second Circuit. February 29, 1904.)

No. 101.

1. FEDERAL COURTS—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.
   In the federal courts the burden is on the defendant to prove contributory negligence alleged as a defense by the preponderance of the evidence.

2. INNKEEPERS—GUESTS—BAGGAGE—DESTRUCTION BY FIRE—FAILURE TO SAVE —EVIDENCE.
   In an action by a guest against an innkeeper to recover for baggage destroyed by fire while in the room which the guest was occupying, evidence held to authorize the submission to the jury of the question whether such guest was guilty of contributory negligence in failing to take measures to save the property before its destruction.

3. APPEAL—EVIDENCE—FAILURE TO OBJECT.
   Evidence admitted without objection at the trial cannot be objected to on appeal.

4. INNKEEPERS—DESTRUCTION OF BAGGAGE—INSTRUCTIONS.
   In an action against an innkeeper for baggage of a guest destroyed in his room by fire, an instruction that the guest had a right to rely to a large extent on statements made to him by the clerks and employés in the hotel, so far as the statements related to matters under their control, and that he had a right to rely on their statements as to the extent of the fire, not fully as experts, but within the bounds of reason, if under the circumstances he was justified in paying attention to their statements, etc., but that such statements would not exonerate him from the exercise of his intelligence, was not objectionable, as authorizing the guest to rely exclusively on such statements.

5. SAME—EVIDENCE—STATEMENT OF CLERK.
   In an action for the destruction of a guest's baggage in a hotel fire, evidence that, on the guest complaining to the clerk that he did not desire a room as high as the fourth floor, the clerk assured him that the hotel was fireproof, was admissible.

6. SAME.
   Where, in an action for loss of a guest's baggage in a hotel fire, the court had previously charged that plaintiff was not entitled to rely on statements made by people in the hall of the hotel, who were not officially connected therewith, as to the extent of the fire, an instruction that plain-

tiff was not justified in relying on any statements made by people in the hall, as they were only expressions of opinion, and not binding on the defendant unless the statements were made by servants of the defendant or persons in charge of the hotel, was not error.

7. APPEAL—REVIEW—NEW TRIAL—VACATION OF VERDICT—MOTIONS.

The denial of a motion to set aside a verdict and for a new trial in the federal court presents no question which can be reviewed by the Circuit Court of Appeals.

In Error to the Circuit Court of the United States for the Northern District of New York.

On writ of error to the Circuit Court for the Northern District of New York, to review a judgment in favor of the defendant in error (plaintiff below) against the plaintiff in error (defendant below) for $3,519.67, entered March 12, 1903, upon the verdict of a jury.

Frederick R. Kellogg, for plaintiff in error.

George B. Wellington, for defendant in error.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

COXE, Circuit Judge. The facts, briefly stated, are as follows: On March 28, 1901, the plaintiff below and his wife became the guests of the Jefferson Hotel at the City of Richmond, Virginia. They were assigned to room No. 418, upon the fourth floor of the hotel. The plaintiff objected to being located so high up on account of fire whereupon the room clerk, who stood behind the desk in the office, replied, "That is all right; the house is fireproof." The plaintiff replied, "Very well; I will go up." Soon afterwards the luggage of the plaintiff and his wife, consisting of four trunks and some hand bags, was taken to their room. The next night, March 29th, they retired about 10 o'clock. They were awakened by the odor of smoke in the room, which they supposed came from an open window. There was at this time some noise in the corridor outside the room. The plaintiff lay awake for some little time when he heard a man exclaim excitedly, "Bring an axe." At this he arose hurriedly and opened the door. There was a man, several bell boys and some trifling smoke in the hall. The plaintiff supposed that the man was the porter of the hotel. In answer to the plaintiff's question, "What's the matter?" the porter said, "There has been a fire in one of the rooms and it is entirely under control now." Another man who was standing there said, "It is all right." The plaintiff asked, "Are you sure there is no danger?" and he said, "No; there is none; it will not be necessary to remove your things; don't get excited." There was no smoke in the plaintiff's room, but after a while some one knocked at the door and said, "The smoke is getting very thick, you had better get out." The plaintiff opened the door, found that the smoke was increasing and asked the person who had knocked if there were any danger. This person replied, "No, but the smoke is pretty thick and it will be disagreeable." The plaintiff and his wife dressed hurriedly and went to the room of Mrs. Warren's maid, some two hundred feet away, in the same corridor. After leaving Mrs. Warren at this room the plaintiff went back to his own room and locked the door; the trunks had previously been locked. He re-

turned to the maid's room and remained there for eight or ten minutes when all three went downstairs. After remaining downstairs a few minutes and observing that people were coming down, some with their hand luggage, the plaintiff went back to the maid's room and brought her trunks downstairs. At this time the smoke was so dense in the corridor towards the plaintiff's room that he did not make any attempt to go there believing it to be unsafe. That part of the hotel in which the plaintiff's room was located was burned and his luggage was destroyed. The action is to recover the value of the lost luggage.

No question is here argued as to the negligence of the defendant. For the purpose of this review the defendant's negligence is admitted and the testimony bearing thereon has not been incorporated in the record. It is argued, however, that the contributory negligence of the plaintiff is established as matter of law and that the court should have directed a verdict for the defendant upon this ground. We are clearly of the opinion that the trial court was right in submitting this question to the jury and especially so in a tribunal where the burden rests upon the defendant to establish the plaintiff's negligence by a preponderance of evidence. Inland & Seaboard Co. v. Tolson, 139 U. S. 551, 557, 11 Sup. Ct. 653, 35 L. Ed. 270; Texas & P. Ry. Co. v. Volk, 151 U. S. 73, 14 Sup. Ct. 239, 38 L. Ed. 78.

We think the fundamental error in defendant's contention is the implied assumption that the plaintiff and defendant stood upon equal terms as to knowledge of the conditions existing on the night of the fire and that the former knew, or should have known, that danger was imminent from the very first alarm. If we start with the assumption that the plaintiff knew that the fire started in the room directly opposite his own, that it was never under control, that the hotel was not fireproof and that the persons who assured him of safety had no knowledge of the facts, there would be great force in the argument that his fault contributed to the loss he sustained. Such assumption is, however, not in accordance with the testimony. The plaintiff's conduct should be viewed in the light of existing facts. He was called upon to act only as a prudent man would act in such circumstances. He was a stranger in a strange hotel; he was awakened at night by an alarm of fire; he had previously been assured that the hotel was fireproof. On coming out into the corridor he was told by persons, apparently in authority, that there was no danger and that the fire was out or completely under control. He was requested not to get excited and create a disturbance as it might cause a panic among the other guests. When the plaintiff finally became convinced that the danger was serious the smoke was so dense that he did not deem it prudent to attempt to reach his room. Would the court have been justified in holding as matter of law that it was incumbent upon the plaintiff, the moment he was informed that there was a fire somewhere in the house, to begin the removal of the four trunks from the fourth story to the street? It is thought not. The theory that the plaintiff was not justified in giving any credence whatever to the statements of the persons in the hotel corridors until he had instituted an investigation to ascertain the nature of their employment, and whether they possessed expert knowledge on the subject of fires, is too tech-

nical and refined for application to the ordinary affairs of life. The defendant's argument might with great propriety be addressed to the jury and had they found a verdict for the defendant on this issue it would not have been set aside as against the evidence. But the question on the proof is one of fact and not of law and was properly submitted to the jury.

The proposition that the representations made by persons in the hotel corridor that the fire was under control and that there was no danger, were inadmissible, is disposed of by the fact that they were received without objection or exception.

But it is argued that the plaintiff was not permitted "to rely exclusively" upon these statements and having done so his conduct is conclusive evidence of negligence. It is said that this point is presented by exceptions taken to various requests to charge made by the defendant.

The fifteenth request fully discloses the position of the court in this respect. It is as follows:

"That a hotel guest, in an emergency caused by an accidental fire, is not justified in remaining quiet and making no effort to himself save his property by his reliance upon a statement alleged to have been made by some other person or persons, whether servants of the hotel or not, to the effect that no danger existed, as such statements are mere matters of opinion and there is no duty resting upon a hotel keeper or his servants to give opinions on such subjects to their guests; and moreover, as such an opinion, in order to be accurate, would call for special experience and knowledge as to the nature of fires and danger from them which a hotel keeper and his servants do not ordinarily possess and are not ordinarily expected to possess.

"The Court: I cannot so charge. It is my duty to say that the guests in a hotel have the right, in the exercise of intelligence and due care, to rely to some extent and to a large extent, under ordinary circumstances, upon the statements made to them by the clerks and employees in the hotel attending to certain parts of the business, so far as the statements relate to the matters under their control. They are there for that purpose among others. And when it comes to a question of fire, and what the conditions are, the guest has a right to rely upon what they say to some extent, not fully, not as experts, but still what they say to the guests within the bounds of reason and common sense, the guests are protected in paying attention to, if under all the circumstances of the case the jury believed they were justified in paying attention to what was said to them. It does not, however, exonerate the guest from the exercise of his intelligence. But it is for the jury to say whether the plaintiff was negligent, considering all the circumstances, in paying attention to and relying upon the statements of this nature."

It will be observed that this is a very different proposition from the one stated above. The court instructed the jury not that the plaintiff had a right to rely exclusively upon the statements of employés but only to some extent and within the bounds of reason and common sense. We think the instruction is not open to the defendant's criticism.

There was an exception to the admission of the statement of the clerk as to the fireproof character of the hotel, but it does not appear to be relied on in the defendant's briefs. In any view we think the testimony competent within the following authorities: New Jersey Steamboat Co. v. Brockett, 121 U. S. 637, 7 Sup. Ct. 1039, 30 L. Ed. 1048; New York, L. E. & W. R. Co. v. Winter, 143 U. S. 60, 12 Sup. Ct. 356, 36 L. Ed. 71; The Normannia (D. C.) 62 Fed. 469, 479.

The defendant lays particular stress upon the exception to the court's refusal to charge the twenty-ninth request, which was as follows:

"That the plaintiff was not justified in relying on any statements made by people in the hall, as they were only expressions of opinion and not binding on the defendant. The Court: I so charge, unless the statements were made by servants or defendant or persons in charge of the hotel."

In the assignment of errors the language of the court is quoted thus:

"I so charge, unless the statements were made by servants or persons in charge of the hotel."

The difference is apparent. It is not improbable, however, that the word "or" as it appears in the bill of exceptions is a typographical error and should be "of," so that the charge should read:

"I so charge, unless the statements were made by servants of defendant or persons in charge of the hotel."

This is the view most favorable to the defendant and we shall regard the charge as so amended.

It is insisted that this charge was grave error and was tantamount to saying that the plaintiff was justified in relying upon any statements, even though expressions of opinion, made by servants or persons in charge of the hotel, as binding on the defendant. It must be remembered that this was one of, at least, 32 requests which the court was asked to consider after he had already covered almost every conceivable phase of the controversy by his previous remarks. The language in question must be construed in the light of the testimony and of the instructions already given. The jury were distinctly told that the plaintiff was not permitted to rely upon statements made by people in the hall who were not officially connected with the hotel. So far the charge was highly favorable to the defendant. The court then proceeded to qualify the broad statement by saying that the plaintiff was justified in relying upon statements made by defendant's servants or persons in charge of the hotel. So that in order to make the qualifying words applicable the jury were required to find that the statements came from such servants. In other words, the practical result of the instruction was that if the jury believed that the person who gave the first assurances of safety was the hotel porter, the plaintiff was justified in relying upon his statements, but not upon the statements of any other person. As before observed the court had previously cautioned the jury that the plaintiff was not permitted to place implicit reliance upon these statements, but that they might be considered to some extent as bearing upon his conduct.

The denial of the motion to set aside the verdict and for a new trial presents no question which this court can consider. Central Vermont R. Co. v. Bateman, 75 Fed. 1021, 20 C. C. A. 679.

The judgment is affirmed, with costs.