### ARMOUR & CO. v. CARLAS.

(Circuit Court of Appeals, Second Circuit.  December 5, 1905.)

No. 34.

1. NEGLIGENCE—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.

In the federal courts, contributory negligence is a defense, and the burden of proof upon the issue rests on the defendant.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, § 224.]

2. SAME—QUESTIONS FOR JURY.

As a general rule, the question of contributory negligence is one for the jury, and it is only where the evidence is practically undisputed, and the inferences deducible therefrom point to the conclusion that plaintiff was at fault, and to that conclusion alone, that the court is justified in determining the question as a matter of law.

[Ed. Note.—For cases in point, see vol. 37, Cent. Dig. Negligence, §§ 333–342.]

3. SAME—SUFFICIENCY OF EVIDENCE—QUESTIONS FOR JURY.

It was not error to refuse to dismiss an action for a personal injury, on the ground that plaintiff was guilty of contributory negligence in starting to drive a carriage across a street having a driveway 28 feet wide in front of defendant's wagon, which struck the carriage and caused the injury, where the only evidence before the court was to the effect that when plaintiff started to cross the driveway the wagon was 80 feet distant.

4. MUNICIPAL CORPORATIONS—ORDINANCE REGULATING DRIVING IN STREETS—CONSTRUCTION.

The New York ordinance, providing that on all the streets of the city all vehicles going in a northerly or southerly direction shall have the right of way over any vehicle going in an easterly or westerly direction, cannot be construed to require east or west bound teams to pause at the streets and avenues running north and south because a team is visible approaching from north or south, unless the condition is apparently such that neither team can cross ahead and clear the other as they are proceeding.

5. TRIAL—INSTRUCTIONS—REFUSAL OF REQUESTS.

It is a well-settled rule in the United States courts that, if the charge given by the court covers the entire case, and submits it properly to the jury, such court may refuse to instruct further.

In Error to the Circuit Court of the United States for the Southern District of New York.

Philip B. Adams, for plaintiff in error.

William J. Fanning, for defendant in error.

Before TOWNSEND and COXE, Circuit Judges.

COXE, Circuit Judge.  The accident which caused the plaintiff's injuries occurred on the afternoon of October 5, 1900, at the intersection of Park avenue and Sixty-Seventh street, New York. The plaintiff, who had been a private coachman in the city for 25 years,

was driving a carriage team attached to a victoria, containing two occupants, in a westerly direction on Sixty-Seventh street.

The center of Park avenue is occupied by a series of small inclosures, surrounded by iron railings and filled with shrubbery which to some extent obscures the view. One of these small parks is located directly north of the Sixty-Seventh street crossing. Between the park railing and the westerly curb there is a driveway 28 feet in width.

The plaintiff testified that when he passed the shrubbery he looked up and down Park avenue and the road was clear, although he saw a wagon coming down about 80 feet north of the corner of Sixty-Seventh street and Park avenue. He was proceeding at the rate of about four miles an hour and seeing no danger he kept on. Before he got across Park avenue the south bound wagon came into collision with the victoria and he was knocked off the box and fell to the street, receiving injuries. This wagon was owned by the defendant and was a heavy butcher wagon drawn by one horse. The horse or the shafts struck the rear wheel of the victoria with force sufficient to break the opposite wheel.

There is a grade toward the south on Park avenue at this point of four and a half to five feet in a hundred. The width of the driveway of Sixty-Seventh street is 30 feet. The westerly course of Park avenue is paved with asphalt, except that near the curb there is a strip about nine feet wide paved with Belgian blocks.

The foregoing version of the accident is corroborated by the two occupants of the carriage.

At the close of the plaintiff's case, counsel for defendant moved "to dismiss the complaint on the ground that the plaintiff has failed to prove facts sufficient to constitute a cause of action, and that the testimony of the plaintiff shows that he was guilty of contributory negligence." The motion was denied and the defendant excepted.

The question of contributory negligence thus presented is the principal one argued. In approaching its discussion it is wise to keep in mind two controlling principles of law.

First. Contributory negligence is a defense in the United States courts. It is not incumbent upon the plaintiff to prove the exercise of due care and caution on his part, the burden being upon the defendant to prove the absence of such care, namely, concurring negligence. Hough v. Railroad Company, 100 U. S. 213, 25 L. Ed. 612; Inland & Seaboard Coasting Company v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; Railway Company v. Gladmon, 15 Wall. 401, 21 L. Ed. 114; Northern Pacific Railroad v. Amato, 144 U. S. 465, 12 Sup. Ct. 740, 36 L. Ed. 596; Grand Trunk R. Co. v. Ives, 144 U. S. 408, 12 Sup. Ct. 679, 36 L. Ed. 485.

Second. As a general rule this question is for the jury. It is only where the evidence is practicably undisputed and the inferences deducible therefrom point to the conclusion that the plaintiff was at fault, and to that conclusion alone, that the court is justified in determining the question as a matter of law. Railway Company v. Woodson, 134 U. S. 614, 10 Sup. Ct. 628, 33 L. Ed. 1032; Dunlap v. Railroad Company, 130 U. S. 649, 9 Sup. Ct. 647, 32 L. Ed. 1058; Gard-

ner v. Michigan Central Railroad Company, 150 U. S. 349, 14 Sup. Ct. 140, 37 L. Ed. 1107.

We are of the opinion that the trial court could not under these well known rules have directed a verdict for the defendant at the close of the plaintiff's case. The account of the accident, sustained by three witnesses, was that when the plaintiff crossed the 28 foot driveway of Park avenue the defendant's horse was 80 feet distant. If this be true it seems self-evident that the plaintiff could not have been guilty of negligence in proceeding on his way. He was driving a light carriage with two horses. He was struck by a heavy butcher wagon drawn by one horse. The latter must, therefore, have proceeded three feet while he was proceeding one foot in order to make a collision possible. If they were going at substantially the same rate of speed the plaintiff's carriage would be clear of Park avenue while the defendant's truck was over 50 feet distant.

The plaintiff's testimony is open to criticism in that it states a very improbable version of the collision, but it was the only testimony before the trial judge when he was asked to dismiss the complaint and whatever else may be said of it, it certainly absolved the plaintiff from the fault of contributory negligence. It cannot be said that one is guilty of negligence in crossing a driveway 28 feet in width when the nearest approaching vehicle is 80 feet distant.

If this motion had been renewed at the close of the testimony a different proposition would be presented, but it was not renewed. No exception was taken at the close of the evidence which presents the question either of the defendant's negligence or of the plaintiff's contributory negligence. It is true that the court was requested to charge "that the jury must return a verdict for the defendant." It is not necessary to consider whether a request in such broad and general language is sufficient to raise these questions, for the reason that no exception was reserved to the refusal of the court to charge it. The second request was clearly insufficient to present the specific question of plaintiff's negligence.

We think the court correctly charged the law applicable to the city ordinance, which provides that:

"On all the public streets or highways of this city, all vehicles going in a northerly or southerly direction shall have the right of way over any vehicle going in an easterly or westerly direction."

The court charged, in substance, that if the conditions be such that neither team can cross ahead and clear the other as they are proceeding when they first discover each other, then it is the duty of the east or west bound team to stop and permit the north or south bound team to pass. In other words, the ordinance cannot be construed to require east and west bound teams to pause at the streets and avenues running north and south because a team is visible approaching from the north or south. The construction of the ordinance contended for by the defendant would make east and west bound traffic impossible upon the crowded thoroughfares. In lower Broadway, for instance, no team could cross that street, for the continuous procession of vehicles passing up and down would always have the right of way.

The other exceptions presented by the refusal of the judge to charge the defendant's requests need not be considered in detail, for the reason that the charge of the court properly presented all the issues. It is a well settled rule in the United States courts that:

"If the charge given by the court below covers the entire case, and submits it properly to the jury, such court may refuse to instruct further. It may use its own language, and present the case in its own way. If the results mentioned are reached, the mode and matter are immaterial. The court has then done all that it is bound to do, and may thus leave the case to the consideration of the jury. Neither party has the right to ask anything more." Indianapolis Railroad Company v. Horst, 93 U. S. 291, 295, 23 L. Ed. 898.

We think the charge of the court was clearly within this rule. The judgment is affirmed with costs.