## O'HARA v. CENTRAL R. CO. OF NEW JERSEY.

(Circuit Court of Appeals, Second Circuit. December 12, 1910.)

### No. 95.

**1. NEGLIGENCE (§ 122\*)—CONTRIBUTORY NEGLIGENCE—BURDEN OF PROOF.**

In the federal courts, contributory negligence is an affirmative defense, the burden of establishing which rests on defendant.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. § 229; Dec. Dig. § 122.\*]

**2. NEGLIGENCE (§ 136\*)—CONTRIBUTORY NEGLIGENCE—PROOF.**

Where the undisputed facts in a negligence case might reasonably support an inference concerning the injured person's conduct, which would leave it doubtful whether he was or was not negligent, whether the defense of contributory negligence is proved is for the jury.

[Ed. Note.—For other cases, see Negligence, Cent. Dig. §§ 291, 296; Dec. Dig. § 136.\*]

**3. RAILROADS (§ 350\*) — CROSSING ACCIDENT — CONTRIBUTORY NEGLIGENCE — QUESTION FOR JURY.**

Decedent, while attempting to cross a railroad track at a private crossing, early on a foggy morning, was struck and killed by an approaching train. She looked before crossing the track in both directions at a time when she could easily have avoided the approaching peril, and could have seen the train 150 feet away. At their relative speeds the train advanced 35 feet while she advanced at least 3, and during the four seconds required for the train to reach the crossing she would have advanced 12 feet and been safely beyond the track. There was also evidence that no bell or whistle was sounded, giving earlier warning of the approach of the train. *Held* that, since something might have happened which delayed her course across the track after seeing the train, she was not necessarily negligent as a matter of law.

[Ed. Note.—For other cases, see Railroads, Cent. Dig. §§ 1166, 1169–1173; Dec. Dig. § 350.\*]

In Error to the Circuit Court of the United States for the Southern District of New York.

Action by Dennis O'Hara, administrator, etc., of the estate of Rose O'Hara, deceased, against the Central Railroad Company of New Jersey, for wrongful death. From a judgment for defendant, plaintiff brings error. Reversed.

M. S. Bevins, for plaintiff in error.

H. L. De Forest, for defendant in error.

Before LACOMBE, COXE, and NOYES, Circuit Judges.

LACOMBE, Circuit Judge. The decedent was struck by a train on defendant's railroad at a private crossing near the residence of a Mr. Fleitman, near Seabright, N. J. His house was on the easterly side of the railroad track, and his stable and cottages for his servants on the westerly side. The railroad runs about north and south, and there are two tracks. The tracks are straight, there are no obstructions to the vision, and trains can be seen for a long distance in both directions. At the time of the accident there was no other train or engine

at or near the crossing, and no vehicles on the crossroad, nor anything apparently to divert or distract the attention of decedent. She had been a laundress in the Fleitman household for some months and was entirely familiar with the locality. On September 14, 1908, about 7 a. m., she came out of the stable above which was her room, walked north along a pathway which runs parallel with the railroad for about 75 feet, then turned east on the driveway crossing to proceed to the house, and when upon the north-bound (easterly) track was struck by a train and killed.

The plaintiff gave testimony showing these facts and others hereinafter set forth. He also proved that it was a foggy morning; that it was customary on foggy days for trains to ring a bell and blow a whistle as they approached Fleitman's Crossing; that this train, on that morning, did neither. At the close of plaintiff's case, motion was made to dismiss the complaint, which was granted, on the ground that "deceased was already proved to have been guilty of contributory negligence as matter of law."

In the state courts it is incumbent on the plaintiff, in actions of this kind, to satisfy the jury as part of his case that the person injured was free from contributory negligence. Evidence to establish this proposition is not always direct. The exercise of proper care may be inferred from facts showing what occurred, even though death or other cause may prevent the introduction of any proof as to the mental processes of the person injured.

In the federal courts contributory negligence is an affirmative defense. The burden of establishing it rests on the defendant. This rule does not require defendant to establish contributory negligence by witnesses whom defendant calls to the stand. If the plaintiff's own witnesses testify to undisputed facts from which that inference must be drawn, defendant may rest on their testimony and ask for a dismissal; but if the undisputed facts might reasonably support an inference as to the injured person's conduct which would leave it doubtful whether he was or was not negligent, the question whether or not the defense is proved will be one for the jury to determine.

The narrative of what took place is given by the single eyewitness, Voorhees, the man in charge of Mr. Fleitman's country place. He was mowing a lawn in front of the stable over which Rose O'Hara's room was. The stable was between him and north-bound trains. The morning was so foggy one could not see over 150 feet. Decedent came out of the house, they exchanged a few words, and he continued with his occupation. He looked towards her as she was going on the west track, and saw that she was looking towards Seabright, the direction from which trains on that track would come. The crossing place was about 120 feet from where the witness stood. He looked away from her attending to his work, when he saw a north-bound train clearing the stable, and he turned around and again looked towards her. She was then on the east (north-bound) track looking towards the approaching train, and he thought two steps would take her over. She seemed to be hurrying to get across. He looked away again, and did not see the train actually strike her; but when he did look the train

had passed her, and she was "rolling—the last roll"—120 feet beyond the crossing. The train was going about 35 miles an hour.

Here we have it established by positive proof that she did what the law imperatively required her to do. She looked before crossing the railroad track in both directions from which danger was to be apprehended. Moreover, she looked at a time when she could easily avoid the approaching peril, because, looking, she could see its approach when it was 150 feet away. At their relative speeds the train advanced 35 feet while she advanced at least 3, and during the four seconds required for the train to reach the crossing she would have advanced 12 feet and been in safety beyond the track. It cannot be held as matter of law that, no bell or whistle giving any earlier warning, a person is guilty of contributory negligence who, just stepping on a track, sees through fog a train approaching 150 feet away, and hurries on, calculating that within the time necessary for it to travel that space she can take the three steps necessary to place her beyond the track. Especially so when the only alternative is to turn back and cross another track, also obscured by fog, which, although safe when she had crossed it, may have become dangerous by the approach of another train out of the obscuring fog, into which, in that direction, she had not been peering. We do not understand that defendant contends that she was negligent in not turning back. Its proposition is that she did not carefully look towards the south; that although she turned her head that way, as Voorhees testifies, she looked without seeing what was visible; that if the nerves carried notice of the impending danger from the eyes to the brain the warning was unheeded. Authorities are cited in support of the proposition that the duty of a traveler in crossing a railroad track, to look and listen, must be performed by doing those things which will make its performance reasonably effective, which is a correct proposition. The theory is that, receiving warning while she was looking south, she failed to avoid the danger, because she did not heed the warning.

The difficulty with this theory is that it discards other inferences from the testimony, which would relieve the decedent from fault. The facts, so far as we have them, are entirely consistent with another theory. Decedent, although not warned by bell or whistle, which past experience indicated was to be expected in a fog, looked carefully towards the south for an approaching train, and saw one 150 feet away just as she was stepping on the track. Three steps more, for which there was ample time, would have placed her in safety. She started to take them, quickening her pace; but at the very first step the heel of her shoe caught in some hole in the ballast of the track, or between the ballast and a tie, or her skirt caught on the projecting head of a spike, or she turned her ankle, the loss of equilibrium and intense pain bringing her to her knees, from which position, incumbered by her skirts, she could not rise in time to reach a place of safety. Now, it may be that, when there is some testimony as to what took place between the time when Voorhees looked away after seeing decedent watching the approach of the train till it struck her, these inferences as to what took place may be found to be without foundation. But

they are certainly not impossible, nor even unreasonable, and so long as the proved facts admit such inferences, we cannot find as matter of law that the defendant has established its defense of contributory negligence.

The judgment is reversed.