(82 Misc. Rep. 46.)

### SZYMANSKI v. CONTACT PROCESS CO.

(Supreme Court, Special Term, Erie County. August, 1913.)

1. MASTER AND SERVANT (§ 265*)—INJURY TO SERVANT—BURDEN OF PROOF—AFFIRMATIVE DEFENSE.

In an action under Labor Law (Consol. Laws 1909, c. 31) § 202a, as added by Laws 1910, c. 352, contributory negligence is an affirmative defense, which defendant has the burden of proving.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 877–908, 955; Dec. Dig. § 265.*]

2. PLEADING (§ 318*)—BILL OF PARTICULARS—MASTER AND SERVANT.

Under Code Civ. Proc. § 531, authorizing the court to order a bill of particulars of an affirmative defense, the defendant in an action under Labor Law (Consol. Laws 1909, c. 31) § 202a, as added by Laws 1910, c. 352, to recover for personal injuries to plaintiff's intestate resulting in his death, may be required to furnish a bill of particulars of the alleged contributory negligence of the deceased.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. § 318.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Action by Antoinette Szymanski, as administratrix, etc., against the Contact Process Company. On motion for a bill of particulars. Motion granted.

Michael M. Cohn, of Buffalo, for plaintiff.
Almon W. Lytle, of Buffalo, for defendant.

BISSELL, J. The plaintiff moves for an order requiring the defendant to furnish a bill of particulars of the alleged contributory negligence of the plaintiff's intestate. The answer alleges:

"That the said alleged injuries to the said Woichech Szymanski, deceased, occurred, and the said alleged injuries, if any there were, were sustained, by reason of his own want of care and his own negligence, and not by any negligence or want of care on the part of this defendant, and that, if any negligence other than that of the said deceased caused or contributed to cause the said alleged accident and injuries, it was the negligence of a competent fellow servant or fellow servants of the plaintiff."

[1] The action has been brought under the Labor Law (Consol. Laws 1909, c. 31, § 202a, as added by Laws 1910, c. 352), which provides that:

"On the trial of any action brought by an employé or his personal representative to recover damages for negligence arising out of and in the course of his employment, contributory negligence of the injured person shall be a defense, to be so pleaded and proved by the defendant"

—thus constituting contributory negligence an affirmative defense, and placing the burden of proving it upon the defendant.

[2] The court has power, under section 531 of the Code of Civil Procedure, to make an order for a bill of particulars of an affirmative defense. Dwight v. Germania Life Ins. Co., 84 N. Y. 493; Spitz v. Heinze, 77 App. Div. 317, 79 N. Y. Supp. 187.

The allegations of contributory negligence in the answer are general, and the plaintiff's intestate is dead, and the defendant should be required to state the particulars of the plaintiff's intestate's several acts of omission or commission which the defendant claims constitute contributory negligence. This should be done to avoid surprise on the trial and—

"to reach exact justice between the parties by learning just what is the truth, and to learn what is the truth by giving to each party all reasonable opportunity to produce his own proofs and to meet and sift those of his adversary." Dwight v. Germania Life Ins. Co., supra.

The motion for a bill of particulars is granted, with $10 costs.
Motion granted, with $10 costs.