## BOWKER v. DONNELL.

(District Court, S. D. New York. October 4, 1915.)

1. COURTS ⊶348—PROCEDURE IN FEDERAL COURTS—CONTRIBUTORY NEGLI-GENCE—BURDEN OF PROOF.

In the federal courts the burden of proof of contributory negligence is on the defendant.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 922; Dec. Dig. ⊶318.]

2. COURTS ⊶347—PLEADING IN FEDERAL COURTS—CONTRIBUTORY NEGLI-GENCE.

A defendant, sued for personal injuries in the federal courts, need not plead contributory negligence, but may avail himself of it, whether brought out by plaintiff's evidence or by his own.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 921; Dec. Dig. ⊶347.]

3. PLEADING ⊶318—BILL OF PARTICULARS—CONTRIBUTORY NEGLIGENCE.

In an action for personal injuries, where defendant pleaded contribu-tory negligence, plaintiff's motion for bill of particulars as to such negli-gence must be denied, since, by setting forth any special negligent act as his specific particular of negligence, defendant would be precluded from availing himself of other acts which plaintiff's witnesses might for the first time make known, unless he could persuade the trial judge to dis-regard the bill of particulars, while it would be unjust to deprive a de-fendant of a meritorious defense merely because he could not have learn-ed of it until trial.

[Ed. Note.—For other cases, see Pleading, Cent. Dig. §§ 963–969, 971; Dec. Dig. ⊶318.]

At Law. Action by Helen Reynolds Bowker against Robert B. Donnell. Defendant moves for a bill of particulars. Motion denied.

This is an action for personal injuries caused by the alleged neg-ligence of defendant. The answer sets up as a defense that the in-juries were caused in whole or in part by the negligence of the plain-tiff. Plaintiff moves for a bill of particulars, specifying each and every act of negligence or want of care of the plaintiff.

Weed, Henry & Meyers, of New York City, for plaintiff.
Arrowsmith & Dunn, of New York City, for defendant.

LACOMBE, Circuit Judge. [1, 2] Plaintiff relies on Szymanski v. Contact Process Co., 82 Misc. Rep. 46, 143 N. Y. Supp. 604. In that case the statute under which the action was brought expressly provided that:

"Contributory negligence of the injured person shall be a defense, to be so pleaded and proved by the defendant."

This action is not brought under that statute, and although, con-trary to the rule in the state courts (of New York), contributory negligence is in the federal courts a defense, the burden of estab-lishing which is on the defendant, he need not plead such defense, but may avail of it, whether it is made out at the trial by plaintiff's evidence or by his own. Plaintiff also refers to Havholm v. Whale

⊶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Creek Iron Works, 159 App. Div. 578, 144 N. Y. Supp. 833, and Ithaca Trust Company v. Marion, 163 App. Div. 56, 148 N. Y. Supp. 775.

Counsel cites the following federal authorities: Inland & Seaboard Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653, 35 L. Ed. 270; Washington, etc., Co. v. Harmon's Administrator, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284; Texas, etc., Co. v. Volk, 151 U. S. 73, 14 Sup. Ct. 239, 38 L. Ed. 78; Chicago, etc., Co. v. Price, 97 Fed. 423, 38 C. C. A. 239; Armour & Co. v. Carlas, 142 Fed. 721, 74 C. C. A. 53; Jefferson Hotel Co. v. Warren, 128 Fed. 565, 63 C. C. A. 193; O'Hara v. Central R. R. of N. J., 183 Fed. 739, 106 C. C. A. 177; Ward v. Dampskibselshabet (D. C.) 136 Fed. 502; Fitchburg R. R. v. Nichols, 85 Fed. 945, 29 C. C. A. 500. None of these sustain the proposition that a defendant must plead contributory negligence of plaintiff in order to avail of it as a defense.

The Court of Appeals for the Second Circuit in Long Island R. R. v. Darnell, 221 Fed. 194, referring to a charge by the trial judge that any question of plaintiff's contributory negligence was out of the case, because defendant had not pleaded it, said:

"This was error. The rule in this circuit was laid down in Canadian Pacific R. R. v. Clark, 73 Fed. 76, 74 Fed. 362, 20 C. C. A. 447 (1896). Contributory negligence is a defense, the burden of proving which is on the defendant; but it is a defense which defendant can avail of without pleading it."

In the case cited in the above quotation it was said:

"A system of procedure which denies to defendant the right to avail of plaintiff's contributory negligence unless he has alleged it in his pleading is inherently vicious. There are many cases where the fact that plaintiff's negligence was the real cause of the accident is wholly unknown until the trial. It is locked up in plaintiff's breast, and only made manifest under the stress of cross-examination. Under such circumstances, how could an honest defendant have alleged it in his answer? He had no knowledge or information whatsoever warranting a belief sufficient to authorize his verifying an answer which alleges that plaintiff was negligent. And how unjust to deprive him of a meritorious defense merely because he did not and could not have learned of it until the trial. It may be suggested that the trial court has the power to allow an amendment on the trial; but that power rests in the court's discretion, and it does not seem to be a very sensible system which contemplates amendment as a necessary essential of its usefulness."

[3] The same reasoning applies here. Since the defendant has pleaded plaintiff's contributory negligence, it may be assumed that there is some act of plaintiff which he expects to show as evidence thereof. But by setting forth that act as his specific particular of negligence he debars himself from availing upon the trial of other acts which plaintiff's witnesses may, for the first, make known, unless he can persuade the trial judge practically to disregard the bill of particulars.

The motion is denied.