BAUMAN v. BLACK & WHITE TOWN TAXIS CO.

(Circuit Court of Appeals, Second Circuit. January 14, 1920.)

No. 87.

1. NEGLIGENCE ⬅136(26)—CONTRIBUTORY NEGLIGENCE JURY QUESTION.
   The question of contributory negligence is for the jury, unless the facts are clearly established, and the conclusion to be drawn from them cannot reasonably be the subject of doubt or controversy.

2. NEGLIGENCE ⬅122(1)—DEFENDANT HAS BURDEN OF PROVING CONTRIBUTORY NEGLIGENCE.
   In the federal courts the burden of proving contributory negligence on plaintiff's part is on defendant.

3. MUNICIPAL CORPORATIONS ⬅706(7)—CONTRIBUTORY NEGLIGENCE OF PEDESTRIAN HIT BY TAXICAB JURY QUESTION.
   Evidence regarding the circumstances under which a pedestrian, attempting to cross a street, was hit by a taxicab being driven on the wrong side of the street, held to make the pedestrian's contributory negligence a jury question.

4. MUNICIPAL CORPORATIONS ⬅706(6)—NEGLIGENCE OF TAXICAB DRIVER JURY QUESTION.
   Evidence that a taxicab driver was on the wrong side of a street, and did not have his machine under control, etc., held to make his negligence in hitting a pedestrian, attempting to cross the street, a jury question.

In Error to the District Court of the United States for the Southern District of New York.

Action by Herman A. Bauman for personal injuries against the Black & White Town Taxis Company. Direction of verdict for defendant. Plaintiff brings error. Reversed.

George W. Smyth, of New York City, for plaintiff in error.

Wing & Wing, of New York City (Arthur K. Wing and Charles G. Hill, both of New York City, of counsel), for defendant in error.

Before WARD, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. Fifth and Sixth avenues, in the borough of Manhattan, city of New York, run substantially north and south. Forty-Third street runs substantially east and west. Plaintiff in error, a pedestrian, on the 9th of May, 1918, in the mid-afternoon, walked on the southerly side of West Forty-Third street, between Fifth and Sixth avenues, until he reached a point in front of Stern's department store, and then endeavored to cross the street, where he was struck and injured. At this point there is a semicircular driveway crossing the sidewalk and going to the building line in front of Stern Bros.' department

store. Such driveway is used by vehicles of patrons of this store. When the plaintiff in error had reached a point about 25 feet east of the easterly end of this driveway, he attempted to cross the street to go to a drug store, apparently on the north side of the street, for a headache powder. At this time there were six vehicles along the south curb and west of the westerly entrance of the driveway to Stern Bros.' store. The nearest of these vehicles was about 75 feet from the point where the plaintiff in error attempted to cross the street. On the north curb of the street, there were a like number of vehicles standing in the opposite position to those on the south curb of Forty-Third street. Likewise there were vehicles standing on both curbs to the east of Stern Bros.' driveway.

Plaintiff in error says he had a clear view to the west of about 75 feet, and when he got in the middle of the street (between the curbs) he could see down to Sixth avenue. He also measures the distance of his view as between 200 and 225 feet. The distance from curb to curb was 30 feet. Forty-Third street is a much-traveled city street, and especially at this time of day. Before attempting to cross, and as he left the curb, plaintiff in error looked both to the east and west, and saw no motor car approaching. His view, as he looked to the west, was somewhat obstructed by the vehicles in the street. He says he saw at least a distance of 125 feet to the west before starting across. He walked at his "regular rate of speed." He enjoyed good eyesight and hearing. He heard no signal or warning of the approach of the taxicab which subsequently struck him; and while walking directly north, having passed the center line of the street at a point 4 to 6 feet north of the center line, he heard a shout, and then was immediately struck and knocked down by the right mud guard of the defendant in error's taxicab, which was proceeding at a fast rate of speed from the west and on the north side of Forty-Third street. After striking the plaintiff in error, the taxicab proceeded 25 to 35 feet before stopping. Plaintiff in error was seriously and permanently injured.

The plaintiff in error called one witness in corroboration of his own testimony, and the evidence adduced substantially established the foregoing facts. At the end of the plaintiff in error's case, a motion was made to dismiss the complaint, which the District Judge granted. Thereafter permission was granted to the defendant in error to rest its case without proof, and a motion was made for the direction of a verdict, and this was granted by the District Judge, with the comment that there was plenty of opportunity for plaintiff in error to see the taxicab and he could not escape the charge of contributory negligence.

[1-3] In reviewing the correctness of the ruling of the court below, the plaintiff in error is entitled to the most favorable inferences to be drawn from the evidence. Where the facts are clearly established, and the conclusion to be drawn from the facts is a matter which cannot reasonably be the subject of any doubt or controversy, the question of contributory negligence is for the court, and not for the jury. Where the facts are such that all reasonable men may not draw the same conclusion from them, then the question is one for the jury. The District

Judge was bound to submit the case to the jury, unless a recovery is impossible upon any view that can be properly taken of the facts which the evidence tends to establish. In the federal courts, the burden of proving contributory negligence on the part of the plaintiff is upon the defendant. Central Vt. Ry. v. White, 238 U. S. 507, 35 Sup. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252. The same rule applies where the attempt to establish such contributory negligence is based upon the record as produced by the plaintiff Washington & Georgetown Ry. Co. v. Harmon, 147 U. S. 571, 13 Sup. Ct. 557, 37 L. Ed. 284.

While it was the duty of the plaintiff in error to use his eyes and ears in self-protection in crossing the street, where he knew vehicles were constantly passing, still we cannot say as a matter of law that the plaintiff in error, under the proof he adduced, was guilty of contributory negligence. If he looked when he left the curb and attempted to cross the street, the law does not say that he should have seen this vehicle, considering the obstructions to his view and the fact that he was obliged to look in both directions for his own protection. The law does not say how often he must look, but he must exercise that care which an ordinarily prudent person would exercise in making a similar attempt in crossing the street. Even though the taxicab may have been within the 200 feet he said he had a view of, and in the middle of the street, we cannot say as a matter of law that he should have seen the taxicab. If he went forward in his attempt to cross the street, using his eyes and ears, and miscalculated the danger, he may still be free from fault. His vigilance does not have to be extreme and constant.

A view through a sufficient space to give a reasonable assurance of safety may be at all times sufficient for the exercise of reasonable care. When he looked and saw as far as the obstruction of the standing automobiles would permit, and did not see the on-coming taxicab, he had the right to go forward upon his journey, and whether he used his eyes and ears with diligence, such as a reasonably prudent man would do under all the circumstances, was a question of fact for the jury. It may well have been that, while he was passing from the south curb to the point where he was struck, the taxicab covered the distance of 200 or 225 feet in its journey from Sixth avenue. The question of his contributory negligence was clearly for the jury. McGuire v. Blount, 199 U. S. 142, 26 Sup. Ct. 1, 50 L. Ed. 125; Marande v. Texas & Pac. Co., 184 U. S. 173, 22 Sup. Ct. 340, 46 L. Ed. 487; N. Y., N. H. & H. Ry. Co. v. Vizvari, 210 Fed. 118, 126 C. C. A. 632, L. R. A. 1915C, 9; Armour & Co. v. Carlas, 142 Fed. 721, 74 C. C. A. 53; Knapp v. Barrett, 216 N. Y. 226, 110 N. E. 428; Maguire v. Barrett, 223 N. Y. 49, 119 N. E. 79.

[4] It appearing that the taxicab driver was on the wrong side of the street as he was traveling, and was doing so in the manner described without having his car under control, and without having due regard for the rights of pedestrians crossing the street, the question of the negligence of the defendant in error was for the jury.

Judgment reversed.