MANUEL MARTINEZ

*v.*

AMERICAN RAILROAD OF PORTO RICO.

San Juan, Law, No. 1290.

RIDING ON PLATFORM.

Jury—Discussion.
    1. It is not necessary for the jury, after retirement, to spend any time in discussion if they are of one mind upon retirement.

NOTE.—On riding on platform of railroad car as negligence, see notes in 29 L.R.A.(N.S.) 325, and L.R.A.1915B, 166.

On liability for injury to passenger on platform of vestibuled train, see notes in 22 L.R.A.(N.S.) 313, 27 L.R.A.(N.S.) 253.

Martinez v. American R. Co.

Negligence—Management of a Train.
>2. In a suit charging negligence in the management of a train, evidence cannot be given that the platform was crowded.

Negligence—Proof in Rebuttal.
>3. Reasonable inferences may be made in favor of an injured party to fill out details where there is a substantial defense, but this does not avoid the necessity of making out any defense at all.

Standing on Platform—Charge.
>4. If the plaintiff does not allege good reason for standing upon the platform, this may be considered as contributory negligence.

Practice—Presentation of Law.
>5. Where the court is not satisfied that the law has been fully presented upon a trial, it may award a new trial upon payment of costs, although there has been no error committed.

Opinion filed January 30, 1920.

_____

*Mr. Leopoldo Feliu* for plaintiff.

*Mr. F. H. Dexter* for defendant.

HAMILTON, Judge, delivered the following opinion:

The complaint in this case is founded upon the negligence of the defendant in the management of the train upon which plaintiff was traveling. The evidence showed that the plaintiff at the time of the injury was riding upon the platform. The jury found a verdict for the defendant, and the plaintiff now seeks a new trial.

1. Amongst other grounds he sets out that the jury brought in a verdict in something like five minutes, and contends that this shows extraordinary haste, evidencing prejudice. The ar-

gument seems to go upon the basis that it is the duty of a jury, after a case is submitted to them, to discuss the evidence and charge of court in all their bearings, and then come to a verdict. This is not the law. The jury should go over the case carefully when they differ, and try to reconcile opposing views. If, however, they all go into the jury room with one mind after hearing all the evidence and the charge of court, it is difficult to see what there would be for the jury to discuss. Cases are by no means unknown where a jury comes to a verdict without leaving the box. There is nothing in this ground for the motion.

2. It is contended that error was committed by the court in refusing to permit evidence that the car was crowded, both upon the plaintiff's main case and upon rebuttal of the defendant's evidence that the plaintiff was riding on the platform. In other words, it is contended under the pleadings of this case that the plaintiff should have been permitted to prove that the car was crowded, with the view of thereby showing why he went out upon the platform.

The principle upon which the court acted in the exclusion was that the suit was for "negligence in the management of the train." The fact, if proved, that the car was crowded, was no proof of negligence in the management of the train. The argument is that the averment of negligence in the management of the train is a broad averment, and should admit evidence of anything that happened from the time the train left its place of departure to the place of the accident, the defendant, if he thought the allegation too broad, having the right to make a motion to have the complaint made more specific.

It is undoubtedly true that, upon a general allegation of negligence, the plaintiff is not to be confined in his evidence to any

particular acts of negligence. Any fact tending to show action-
able negligence is admissible, although not mentioned in the
pleadings. 10 C. J. § 1421. In the case at bar, however, there
was not such a general allegation of negligence; the negligence
averred was to the management of the train. This certainly
meant something. The natural meaning would be that the
train was run too fast, or so roughly as to throw passengers
down, or stopped so quickly as to throw them against the seats,
or, in this case, out of the door against the platform railing, or
something of similar nature. It could not by any reasonable
construction be extended to the fact that there were so many
people in a car that some of them had to go out on the platform,
which seems to have been the object in tendering the evidence in
question. In other words, the defendant was called into court
to defend against one allegation, and it was sought, when that
could not be proved, to prove a different set of facts. It is the
very object of any system of pleading to prevent such practice.

3. It is said, however, that the plaintiff should have been per-
mitted to make this proof in rebuttal. In the Federal practice
contributory negligence has been held to be an affirmative de-
fense (O'Hara v. Central R. Co. 106 C. C. A. 177, 183 Fed.
739), and accordingly when the defendant proved the plaintiff
was riding upon the platform it is argued that it should have
been permitted to the plaintiff to explain why he was riding
upon the platform, by showing that it was so crowded in the car
that he could not remain there. This is not within the prin-
ciple that reasonable inferences are to be in favor of the injured
party in cases of contributory negligence. Wabash, St. L. & P.
R. Co. v. Central Trust Co. 23 Fed. 738, 740, 741. That may
be applicable to fill out details where the defense is already sub-

Martinez v. American R. Co.

stantially made out; it cannot be invoked to avoid the necessity of making out any defense at all. It is quite true that a passenger might sometimes be justified in taking to the platform if he could not get a place inside, or could not stand there without great discomfort. 2 Shearm. & Redf. Neg. 5th ed. § 523; Brice v. Southern R. Co. 85 S. C. 216, 27 L.R.A.(N.S.) 768, 771, 67 S. E. 243. If the crowded condition of the car is to be shown in a case, this condition must be proved to have had some connection with the injury. Cary v. Los Angeles R. Co. 157 Cal. 599, 27 L.R.A.(N.S.) 764, 108 Pac. 682, 21 Ann. Cas. 1329, 3 N. C. C. A. 114 (street railway case). Some cases lay stress upon the speed of the train as determining whether it is contributory negligence or not to stand upon the platform. Worthington v. Central Vermont R. Co. 64 Vt. 107, 15 L.R.A. 326, 23 Atl. 590, 10 Am. Neg. Cas. 331; Norvell v. Kanawha & M. R. Co. 67 W. Va. 467, 29 L.R.A.(N.S.) 325, 328, 68 S. E. 288. The contention is that here the train was shown to be going at only 10 kilometers an hour. The court does not think that the speed is a conclusive element. The cars used by the American Railroad Company of Porto Rico may not be up to the standard of those in the states, but there is upon the doors of same a warning not to ride upon the platform, and the court cannot hold that this was put there for no purpose.

4. It is contended that the court committed error in giving general instruction that standing upon the platform is contributory negligence. The charges in question were given at the request of the defendant, and would seem to be proper in view of the evidence which was before the jury; that is to say, when there was no evidence of any good reason why the plaintiff was upon the platform. This situation again goes back to the fact

that the plaintiff had not alleged any good reason in his complaint which expressly denied contributory negligence. The instruction in question might not be true under all circumstances as an abstract principle of law, but instructions must be taken in connection with the facts as proved in the particular case.

5. The court, however, is not satisfied as to whether the plaintiff should or should not have been allowed to testify to the crowded state of the car, when in point of fact he denied that he did go upon the platform, and at most testified that he was standing in the doorway. The law upon the subject was certainly not presented to the court with any fulness at the time. The verdict under all these circumstances is hardly one of which the plaintiff can complain; but the court is not sure that the case has been properly presented. It will therefore give the plaintiff an opportunity to amend his pleadings if he sees proper, or otherwise have the advantage of a new trial of the facts, provided within two weeks he pays the costs of the first trial. A new trial is granted provided this is done; otherwise the verdict will stand and judgment will be entered.

It is so ordered.