## CANADIAN PAC. RY. CO. v. CLARK.

(Circuit Court of Appeals, Second Circuit. April 7, 1896.)

1. PLEADING—CASE AND TRESPASS—CONTRIBUTORY NEGLIGENCE.

A declaration, in an action against a railroad company, setting forth special facts and circumstances showing a case of negligent injury by the defendant to the plaintiff's person and property, averring that the defendant did not provide a reasonably safe passage over a highway crossing; that it suffered the crossing to be obstructed; that it did not manage its engines with due care; that it negligently ran them at high speed; that it did not ring a bell or blow a whistle, by reason whereof plaintiff was injured,—is in case, not trespass; and the defendant, under the plea of not guilty, is entitled to avail itself of the defense of contributory negligence of the plaintiff.

2. CONTRIBUTORY NEGLIGENCE.

In an action against a railroad company for personal injuries, it appeared that the accident occurred at a grade crossing, at which there was a side track on each side of the main track, while the highway ran parallel to the tracks for some distance, and then turned sharply across them. A freight train was standing on the side track, between the highway and the main track, with its rear car close to the crossing, and the engine some 700 feet up the track. Plaintiff, who was totally deaf in the ear nearest the tracks, drove down the highway, past the freight train, and, without stopping, urged his horse across the tracks, and was struck, on the crossing, by an express train coming from the same direction as plaintiff, and which had been concealed by the freight train. Plaintiff was familiar with the locality, and knew that the presence of the freight train on the side track indicated the approach of a train, which might be the express; but he did not see or hear it, and was so engaged with his horse that he did not observe signals and cries of warning from men on the freight train, and at a station a short distance away on the other side of the tracks. The court, after declining to instruct the jury to find for the defendant on the ground of contributory negligence, instructed them that it was plaintiff's duty to approach the crossing cautiously and carefully, to look and listen, and do all that a reasonably prudent man would do, before attempting to cross; that, if the crossing was so obstructed that an approaching train could not be seen or heard till close at hand, prudence required him to approach the crossing at a speed which would enable him to stop in time, if a train were

seen; and that such an obstruction required increased care on plaintiff's part. Afterwards, the jury having for some time failed to agree, the court withdrew any question of contributory negligence of the plaintiff, and instructed the jury that, as the plaintiff was struck by defendant's train, he was entitled to a verdict, unless they found that the defendant did all that the law and reasonable prudence required to prevent the injury, and could not prevent it. *Held* error.

In Error to the Circuit Court of the United States for the District of Vermont.

This was an action by Samuel O. Clark against the Canadian Pacific Railway Company for personal injuries, and for damage to plaintiff's horse and sleigh. There was a verdict for plaintiff, and, defendant's motion for a new trial having been denied (69 Fed. 543), it brings error.

Frank E. Alfred and Joel C. Baker, for plaintiff in error.

A. B. Brown and W. D. Wilson (Wilson & Hall and Rustedt & Locklin, on brief), for defendant in error.

Before WALLACE, LACOMBE, and SHIPMAN, Circuit Judges.

WALLACE, Circuit Judge. This is a writ of error by the defendant in the court below to review a judgment for the plaintiff entered upon the verdict of a jury. The action was brought to recover for personal injuries to the plaintiff, and the destruction of his horse and sleigh, alleged to have been caused by the negligence of the defendant. While driving over the railroad of the defendant at a highway crossing in the town of Richford, Vt., he was struck by the locomotive of the defendant's express train, which was coming from the north. The railroad, at the crossing, consisted of a main track, and a side track at either side. It was a grade crossing, planked between the tracks. There was a station house quite near the easterly track, southwardly of the crossing. On the occasion in question, the westerly side track was occupied, northerly of the crossing, by a freight train, which had been side-tracked to await the passing of the express train, the locomotive being about 700 feet from the crossing, and the van or rear car being on the edge of the planking. The highway, as it approaches from the north, runs for a considerable distance quite close to and nearly parallel with the tracks of the railroad, and until it makes a somewhat abrupt turn across the tracks. The plaintiff was driving from his farm, which lay northwardly from the crossing, on the westerly side of the railroad, to his residence, which was located across the railroad, southwardly from the crossing. According to his testimony at the trial, while he was proceeding southerly along the highway towards the crossing, and as he came opposite the locomotive of the freight train, his horse was frightened by the steam of the locomotive; but he soon got him under control and continued driving quite rapidly towards the crossing. He supposed the freight train was side-tracked to allow some other train to pass on the main track, and knew the express from the north was due about that time, but was not sure that it had not already passed. He looked up the track to the south, and saw no train coming, and after he came opposite the

locomotive he could not see the main track. That he was totally deaf in his left ear. That, as he proceeded, he listened, and heard no whistle blown or bell rung, nor the noise of an approaching train. That, about 15 or 20 feet from the crossing his horse wanted to stop, but he struck him with the reins and urged him forward. That, just as the horse reached the main track, he heard some one call to him to "look out for the express," but that it was then too late to turn back, and he was struck by the train. The evidence for the plaintiff tended to show that no bell was rung or whistle blown from the locomotive of the express train as it approached the crossing. There was evidence for the defendant showing that a brakeman upon the platform of the van of the freight train, and another man standing with him there, endeavored, by waving their hands and shouting, to attract the attention of the plaintiff, and stop him, as he came near the crossing; that the station agent of the defendant, and another man standing by him on the platform of the station house, when plaintiff was some distance from the crossing, signaled to him to stop; that the plaintiff could have seen any of these men far enough away to have avoided danger if he had looked, but that his attention was concentrated upon his horse, and he did not see or hear them. The evidence for defendant also tended to show that, as the train arrived at a distance of 80 rods from the station the whistle was blown, and that the bell upon the locomotive was rung all the way from that point until the plaintiff was struck; that, as the train approached the crossing, its ordinary speed was reduced, and it was kept at a reduced speed until the accident happened; and that no person upon the train saw, or could see, the plaintiff, after he reached a point in the highway opposite the locomotive of the freight train, until he drove upon the track. At the close of the evidence the defendant requested the court to instruct the jury to find a verdict for the defendant upon the ground that the plaintiff's negligence, as shown by his own testimony, contributed to the accident. The court refused to grant the instruction, and submitted the case to the jury. The defendant thereupon requested the court to instruct the jury, in substance, that it was the duty of the plaintiff, in approaching the crossing, to do so cautiously and carefully; that he should look and listen, and do everything that a reasonably prudent man would do before attempting to make the crossing; and that, if he was familiar with the crossing and its dangers, and frequently used it, and, under the circumstances of the case, failed to act as a prudent and cautious man should have acted, or omitted some precaution that a prudent man ought to have taken, whereby he was injured, he was not entitled to recover; that, if the crossing was so obstructed that an approaching train could not be seen or heard until plaintiff came very near the railroad track, common prudence required him to approach it at such speed that, when an approaching train might have been seen or heard, he might have been able to stop and allow it to pass; and that such obstruction required increased care on the part of the plaintiff in approaching the crossing.

In his original instructions to the jury the trial judge substantially presented to them the propositions thus requested; but, after a long

deliberation on the part of the jury, occupying a day and two nights, and when they had returned into court and announced that they were unable to agree, he gave them further instructions by which he withdrew from their consideration any question of the contributory negligence of the plaintiff, and informed them that, inasmuch as it appeared that the plaintiff was struck on the crossing by the defendant's train, the plaintiff was entitled to a verdict, unless they were able to find that the defendant did all that the law required, and all that reasonable prudence required to prevent the injury, and could not avoid it. The defendant duly excepted to the refusal of the court to instruct the jury to render a verdict for the defendant, and to that part of his instructions withdrawing from their consideration the question of the plaintiff's contributory negligence, and embodying the proposition that he was entitled to recover unless the evidence disproved negligence on the part of the defendant.

It is not necessary, for present purposes, to consider whether the defense resting upon the ground of the contributory negligence of the plaintiff was not so persuasively and conclusively established that the jury should have been instructed to find for the defendant. The plaintiff was aware, from the presence of the freight train on the side track, that a train was expected on the main track, and that such train might be the express train coming from the north. He had been driving rapidly for an eighth of a mile, with his view of the track in that direction cut off by the interposed freight train. Driving rapidly, as he had been, and being totally deaf in the ear towards the track, he could not but be aware that, although he had been listening for them, he might have failed to hear the signals from the express. Before he reached the crossing he knew that the van of the freight train was so near to it that he would be unable to see the main track to the north until his horse would be upon the track. Under these circumstances, common prudence required him, as he neared the tracks, to proceed cautiously, to look, to listen, and, as we think, to stop, in order that he could listen more perfectly, before attempting to cross. He did neither, but kept his attention so exclusively upon his horse that he did not see the signals of danger which were being made to him from men in full view, on his right hand and on his left, at each side of the crossing, and urged his horse to dash rapidly across. If these undisputed facts were not such as to leave no room for inferences, such that a jury could legitimately draw no other conclusion from them than that the plaintiff had failed to exercise reasonable care and prudence, they were certainly sufficient to justify such a finding, and in no possible view could they justify the court in deciding to the contrary as a question of law. The most culpable negligence on the part of a defendant will not authorize a recovery in behalf of a plaintiff whose own negligence has contributed to his injury.

It is urged in support of the refusal to leave the question of the plaintiff's negligence to the jury, that such an issue was not raised upon the pleadings. This is the only conceivable ground upon which that refusal can be justified. No question that the issue was not within the pleadings was raised upon the trial. Much of the testi-

mony of the defendant was introduced for the purposes of maintaining that issue, and had no other bearing; and, as has been stated, the question was originally submitted to the jury by the trial judge. In his final instructions to the jury, in which he withdrew that question from their consideration, no such reason for doing so was suggested by him. Nevertheless, in considering the motion for a new trial, the learned trial judge placed his denial of the motion, in part, upon the ground that the contributory negligence of the plaintiff was not in issue. To this conclusion we are unable to accede.

The declaration contains three counts. The plea was not guilty. The first two counts of the declaration are concededly in case. The third sets forth, as the cause of action, special facts and circumstances, showing a case of negligent injury by the defendant to the plaintiff's person and property while he was crossing the defendant's railway. It avers that the defendant did not provide a reasonably safe passage over the highway crossing; that it carelessly and negligently suffered the same to be obstructed; that it did not manage and control its engines and cars with due and proper care; that it carelessly and negligently ran them at a high rate of speed; that it did not ring a bell upon the locomotive, or blow a steam whistle, until the locomotive had passed over the crossing, by reason whereof he and his horse and sleigh were struck and injured.

If the third count was in trespass, inasmuch as, under a plea of not guilty, the defendant in such an action is not permitted to prove that the plaintiff was guilty of contributory negligence, and inasmuch as the statute of Vermont relating to pleadings requires that, in counts where case and trespass are joined, pleadings must conform to those in trespass, the conclusion of the learned trial judge was correct. But we are of the opinion that the third count, like the first and second, was in case. It sets forth a cause of action in which, although the injury was immediate, the fault of the defendant consisted in negligence; and, as the defendant was a corporation, which could only act through its agents and servants, case was the only appropriate form of remedy.

Case is the appropriate and proper remedy for negligent injuries at common law. In Claflin v. Wilcox, 18 Vt. 610, the rule is stated to be that, when the fault of the defendant consists in negligence, it is mere nonfeasance; and, although the injury is immediate, the appropriate remedy is case. All the authorities upon common-law pleading state the rule to be that, while trespass is the proper remedy for an immediate injury inflicted by the willful act of the defendant, yet case lies where the act is negligent; and, where injuries are occasioned by the carelessness or negligence of a servant of the defendant, the plaintiff must generally bring case. Chitty says:

"If the injury arise from a want of care or negligence of the servant, case is the remedy; but if it occurred as the necessary, probable, or natural consequence of the act ordered by the master, then the act is the master's, and he should be sued in trespass, if the act were forcible and immediate."

See 1 Chit. Pl., 131; Huggett v. Montgomery, 2 Bos. & P. N. R. 446; Morley v. Gaisford, 2 H. Bl. 443; McManus v. Crickett, 1 East, 106.

The rule is thus stated in Campbell v. Phelps, 17 Mass. 245:

"In general, the true distinction is, when the injury is done directly by the person sued, the action should be trespass; when it is consequential, as when done by a servant, and the master is sued on account of his liability for the acts of his servant, case is proper."

It is entirely well settled that, under the plea of not guilty in an action on case, the defendant may show that the immediate or proximate cause of the injury was the negligence of the plaintiff. Flower v. Adam, 2 Taunt. 315; Williams v. Holland, 10 Bing. 110; Vennall v. Garner, 1 Cromp. & M. 21; Bridge v. Grand Junction Ry. Co., 3 Mees. & W. 244; Sills v. Brown, 9 Car. & P. 601; Smith v. Dobson, 3 Man. & G. 59; Holden v. Coke Co., 3 C. B. 1.

The adjudications of the supreme court, to the effect that the contributory negligence of a plaintiff is matter of defense, and the burden of proof is upon the defendant, do not touch the question of pleading which arises here. That question is controlled by the rules which obtain in the state in which the action is tried, and in some of the states, under the code system of pleadings which prevails, the defendant may be required to specifically allege the defense in cases in which the complaint does not allege that the plaintiff was free from negligence on his part. As in Vermont the rules of pleading which obtain are those of the common law, and under these rules a defendant, in an action upon a case, is permitted, under a general traverse, to show that the plaintiff's negligence contributed to the injury, we are unable to doubt that the defendant in the present case was entitled to avail himself of the defense, and that the instruction to the jury which is complained of by the assignments of error was erroneous.

The judgment is accordingly reversed.