CANADIAN PAC. RY. CO. v. CLARK.

(Circuit Court of Appeals, Second Circuit. April 7, 1896.)

CONTRIBUTORY NEGLIGENCE—PLEADING AND PROOFS.

A defendant may prove contributory negligence although he has not expressly set it up as a defense in his answer. Per Lacombe, Circuit Judge, concurring. See 73 Fed. 76.

In Error to the Circuit Court of the United States for the District of Vermont.

This was an action by Samuel O. Clark against the Canadian Pacific Railway Company for injuries to his person, and to his horse and sleigh. There was a verdict for plaintiff, and a motion for a new trial was denied. 69 Fed. 543. Defendant brought the case on error to this court, which affirmed the judgment; Wallace, Circuit Judge, delivering the principal opinion. See 73 Fed. 76.

Frank E. Alfred and Joel C. Baker, for plaintiff in error.

A. B. Brown and W. D. Wilson (Wilson & Hall and Rustedt & Locklin on brief), for defendant in error.

LACOMBE, Circuit Judge (concurring). I entirely concur in this opinion. The system which makes the absence of contributory negligence a part of plaintiff's case, and does not require the defendant to answer the negligence imputed to him unless it appears prima facie, at least, that the plaintiff was himself in the exercise of proper care, may be the more scientific one. It is the well-settled law in New York (Cahill v. Hilton, 106 N. Y. 512, 13 N. E. 339); and it was the rule in that state when the cases of Button v. Railroad Co., 18 N. Y. 248; Johnson v. Railroad Co., 20 N. Y. 65, and Wilds v. Railroad Co., 24 N. Y. 430, were decided, which three cases are, curiously enough, cited by Mr. Justice Hunt in Railroad Co. v. Gladmon, 15 Wall. 407, as supporting the exact converse of what they hold. But this question as to the burden of proof is no longer an open one in the federal courts. The supreme court has repeatedly reaffirmed the rule laid down in Railroad Co. v. Gladmon, that "the want of care and caution [on the part of plaintiff], or 'contributory negligence,' as it is termed, is a defense to be proved by the other side." Railroad Co. v. Horst, 93 U. S. 291; Hough v. Railroad Co., 100 U. S. 213; Farlow v. Kelly, 108 U. S. 288, 2 Sup. Ct. 555; Northern Pac. R. Co. v. Mares, 123 U. S. 710, 8 Sup. Ct. 321; Coasting Co. v. Tolson, 139 U. S. 551, 11 Sup. Ct. 653; Railroad Co. v. Volk, 151 U. S. 75, 14 Sup. Ct. 239; Railroad Co. v. Lowell, 151 U. S. 209, 14 Sup. Ct. 281. None of these cases, however, go to the extent of holding that defendant cannot prove contributory negligence unless he has expressly set it up as a defense in his answer; and a court to which it may be presented as an open question, in the absence of a statute or constraining authority, should be slow to adopt any such practice. A system of procedure which denies to defendant the right to avail of plaintiff's contributing negligence unless he has alleged it in his pleading is inherently vicious. There are many cases where

the fact that plaintiff's negligence was the real cause of the accident is wholly unknown until the trial. It is locked up in plaintiff's breast, and only made manifest under the stress of cross-examination. Under such circumstances, how could an honest defendant have alleged it in his answer? He had no knowledge or information whatsoever warranting a belief sufficient to authorize his verifying an answer which alleges that plaintiff was negligent. And how unjust to deprive him of a meritorious defense merely because he did not and could not have learned of it until the trial. It may be suggested that the court has the power to allow an amendment on the trial; but that power rests in the court's discretion, and it does not seem to be a very sensible system which contemplates amendment as a necessary essential of its usefulness. The inevitable result of such an illogical and unscientific system of pleading and practice would be to imperil the rights of the conscientious defendant, while the defendant with an elastic conscience would invariably aver and swear to plaintiff's negligence, although he had not the slightest knowledge or information to warrant any such averment. Certainly, no such practice should be encouraged.