(No. 13022.—Reversed and remanded.)

JOSEPH A. KELLY, Appellant, *vs.* BENJAMIN D. JONES,
Appellee.

*Opinion filed December 17, 1919.*

1. TAXES—*when bill to enjoin collection of taxes is a proper remedy—burden of proof.* Taxing authorities cannot arbitrarily assess a person on property he does not own, and the proper remedy to prevent the collection of a tax levied on such an assessment is in equity by a bill for an injunction; but in such case the presumption is that the tax is just and lawful, and the objector has the burden of proving the tax invalid.

2. SAME—*when court cannot disregard uncontradicted testimony.* Uncontradicted testimony by a witness in a chancery case cannot be disregarded by the court where there is no inherent improbability in such testimony nor anything incredible in his statements and where there are no facts or circumstances in evidence inconsistent therewith.

3. SAME—*valid portion of tax should be sustained if separable from invalid portion.* Upon a bill to enjoin the collection of a tax assessed upon shares of stock alleged to be owned by the complainant in various corporations, the tax should be sustained as to such shares as the complainant admits he owns or fails to disprove ownership of, provided the valid portion of the tax can be separated from the invalid portion; but if such separation is impossible on the record presented, granting the injunction as prayed will not preclude a subsequent assessment of such shares as omitted property.

APPEAL from the Circuit Court of Will county; the Hon. ARTHUR W. DESELM, Judge, presiding.

GEORGE WARNER YOUNG, for appellant.

ROBERT W. MARTIN, State's Attorney, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The appellant, Joseph A. Kelly, a resident of Joliet, in Will county, in 1918 returned to the township assessor a schedule of personal property amounting to $405, not in-

cluding any shares of capital stock. He was notified by the board of review to appear and show cause why his assessment should not be increased. A hearing was had on September 5, 1918, and the board assessed him on 20 shares of Republic Iron and Steel Company preferred stock; 40 shares of United States Steel Company preferred stock; 93 shares of Corn Products Refining Company common stock; 50 shares of Sears, Roebuck & Co. preferred stock, for the years 1914, 1915, 1916, 1917 and 1918, and also 50 shares of Columbia Gas and Electric Company stock for the year 1918. The various shares of stock were not valued separately but a value was placed on all as a total for each year, making a final assessment of $14,175 cash value for the whole. The assessment was returned by the board of review as an assessment of omitted property, and a tax having been extended on the assessment, the appellee, Benjamin D. Jones, as collector, demanded of the appellant payment of the taxes. Thereupon the appellant filed his bill in this case in the circuit court of Will county to enjoin the collection of the tax, alleging that he did not own the shares of stock on the first day of April of any year for which he was assessed, except the shares of the Columbia Gas and Electric Company, which he owned in 1918. He offered to pay taxes on the assessment of 1918 on the Columbia Gas and Electric Company stock if the court could determine the amount of such tax, but alleged that it was impossible to separate the tax levied upon property owned by him from the tax on property which he did not own, so as to determine the amount justly due. He prayed for an injunction restraining the collection of the tax and a temporary injunction was issued. The bill was answered by the appellee admitting the assessment as charged but denying the ground of relief alleged, and upon a hearing the bill was dismissed for want of equity.

Taxing authorities cannot arbitrarily assess a person on property he does not own, and the proper remedy to pre-

vent the collection of a tax levied on such an assessment is
in equity by bill for injunction. (*Weber* v. *Baird*, 208 Ill.
209; *Duckett* v. *Gerig*, 223 id. 284; *Bates* v. *Parker*, 227
id. 120.) Upon an issue of that kind the presumption is
that the tax is just and lawful, and the objector assumes the
burden of showing its invalidity. (*People* v. *Keener*, 194
Ill. 16; *Tolman* v. *Raymond*, 202 id. 197; *People* v. *Hu-
lin*, 237 id. 122; *People* v. *Martin*, 283 id. 380.) The com-
plainant was the only witness at the hearing concerning
the ownership of the shares of capital stock assessed to
him. He testified that at one time he owned the 20 shares
of Republic Iron and Steel Company preferred stock, the
40 shares of United States Steel Company preferred stock
and 50 shares of Sears, Roebuck & Co. preferred stock, but
that he sold all of them before April 1, 1914, to raise money
to go into the Joliet Trust and Savings Bank, the Wood-
ruff building and the Joliet Pure Ice Company, business
enterprises at Joliet; that he sold the United States Steel
Company preferred stock some time in February, 1914, and
had a memorandum of that, as it was sold on account of
his daughters and he gave them credit for half of it, but as
to the other shares he had no memorandum when he bought
or sold them. As to those stocks he testified generally that
he had no data to go by; that he went into the Woodruff
building in 1910, and the last stock he bought in the Pure
Ice Company was in 1912. He had alleged in his bill that
the only stock he had owned since 1914 was the shares of
Columbia Gas and Electric Company, but said that was
a mistake, and admitted that he had owned 93 shares of
Corn Products Refining Company at one time; that he had
bought and sold shares of that stock several times, but he
could not tell when he bought that stock and had no dates
to guide him. He was uncertain about the dates, but said
that he did not own that stock during the whole five-year
period from 1914 to 1918. He could not give any dates
or details of transactions concerning that stock, and his

testimony was not so clear and explicit as to overcome the presumption of the validity of the tax on that stock.

The reason alleged for sustaining the decree is that the chancellor did not believe the complainant, and it is evident that such was the fact, because on no other ground could the decree be sustained. There may be such inherent improbability in the testimony of a witness as to justify a court in disregarding his evidence even in the absence of any direct contradiction. If his testimony is contradictory of the laws of nature or universal human experience, so as to be incredible and beyond the limits of human belief, or if facts stated by the witness demonstrate the falsity of the testimony, the court is not bound to believe him. (*Podolski* v. *Stone,* 186 Ill. 540; *Kennard* v. *Curran,* 239 id. 122; *People* v. *Davis,* 269 id. 256; *Kuehne* v. *Malach,* 286 id. 120.) There was no inherent improbability in the testimony of the complainant and nothing incredible about his statement that he sold stock to go into certain business enterprises in Joliet. There was no reason arising out of the testimony of the complainant for disbelieving him. If there is a contradiction of testimony, either direct or by facts and circumstances proved, much weight is to be given to the findings of the chancellor, who saw and heard the witness, since his credibility may be seriously affected by his appearance, manner and conduct while testifying. (*Coari* v. *Olsen,* 91 Ill. 273; *Ellis* v. *Ward,* 137 id. 509; *Bouton* v. *Cameron,* 205 id. 50; *Hill* v. *Fowler,* 231 id. 205; *Kirby* v. *Judy,* 286 id. 200.) But there was no question of weighing the testimony of the complainant against contradiction, since there was no contradiction whatever of the facts testified to. Where the testimony of a witness is uncontradicted, either by positive testimony or circumstances, and is not inherently improbable, it cannot be rejected. (*Larson* v. *Glos,* 235 Ill. 584.) While the complainant had no dates of the purchase or sale of stocks occurring several years before he testified, his testimony was that he sold the stocks

before 1914 to go into certain specific Joliet enterprises, and he adhered to that statement throughout his testimony. No evidence was offered as to who appeared on the books of the various corporations to have owned the stock or that the complainant ever exercised any right or privilege of a stockholder, and there was nothing whatever tending to demonstrate the falsity of his testimony.

It was admitted both by the bill and on the hearing that the complainant was lawfully assessed on the 50 shares of Columbia Gas and Electric Company stock for the year 1918, and the evidence did not show that he was not liable on the 93 shares of Corn Products Refining Company's stock, and if it had been possible to separate the tax on those shares from the tax on shares not owned by the complainant, those taxes should and could have been sustained, but it was admitted, and is now conceded, that such separation was impossible. That being the case, granting the relief prayed for would not interfere with or in any manner prejudice the right to assess the complainant for the 50 shares of Columbia Gas and Electric Company stock and the 93 shares of Corn Products Refining Company stock hereafter as for omitted property.

Our conclusion is that the chancellor did not have sufficient ground to reject the uncontradicted testimony of the complainant and that the decree was wrong in dismissing the bill.

The decree is therefore reversed and the cause remanded to the circuit court, with directions to grant the relief prayed for in the bill, without prejudice to the right to assess the complainant with the stock of the Columbia Gas and Electric Company and the Corn Products Refining Company as omitted property.

*Reversed and remanded, with directions.*