## WINN v. CONSOLIDATED COACH CORPORATION.
### No. 6192.

Circuit Court of Appeals, Sixth Circuit.
May 9, 1933.

J. B. Daniel, of Nashville, Tenn., for appellant.

Lee Douglas and C. P. Hatcher, both of Nashville, Tenn. (R. W. Keenon, of Lexington, Ky., on the brief), for appellee.

Before HICKS, HICKENLOOPER, and SIMONS, Circuit Judges.

SIMONS, Circuit Judge.

The appeal is by the plaintiff below, who seeks reversal of a judgment entered for the defendant upon a directed verdict in a suit for damages growing out of the death of his intestate, killed in an automobile collision near Nashville, Tenn., in September, 1928.

Federal jurisdiction is (presumably) based upon diversity of citizenship. We note, however, the entire absence of jurisdictional averment in respect to the citizenship of the plaintiff. The declaration is silent upon it, and the record does not elsewhere furnish the necessary information. Since the defect may, and we assume can, be cured by amendment, and since jurisdiction appears to have been conceded, it seems to us, in view

of the decision arrived at, that nothing is to be gained by sending the case back for the purpose of having the insufficient pleading corrected. Norton v. Larney, 266 U. S. 511, 515, 45 S. Ct. 145, 69 L. Ed. 413; Howard v. De Cordova, 177 U. S. 609, 614, 20 S. Ct. 817, 44 L. Ed. 908; Realty Holding Co. v. Donaldson, 268 U. S. 398, 45 S. Ct. 521, 69 L. Ed. 1014.

In broad daylight, upon a clear day in September, the decedent was driving a Chevrolet car southward on the Gallatin road toward Nashville. About five and a half miles north of the city her car collided with the defendant's bus, containing a driver and nine passengers, proceeding northward from Nashville. As a result of the collision, the decedent's car was crushed at its left front end, the bus partly left the road on the left, and there overturned, the decedent was thrown from her car under the bus and killed.

Of the many allegations of negligence contained in the declaration, all have now been abandoned except the averments that the defendant's bus approached the scene of the accident at an unlawful rate of speed, and that the driver of the bus failed to yield one-half of the road as required by the Tennessee Code (Code 1932, § 2671). The plaintiff was unable to produce witnesses who saw the accident. He relies upon skid marks seen by various persons on the pavement, and said by them to indicate that the bus was proceeding in a zigzag course from one side of the highway to the other, upon the position of the two vehicles after impact, and upon the presence of broken glass and blood on the west side of the highway. He adds to this the testimony of an automobile driver who, driving north from Nashville, was passed by the bus a half mile south of the scene of the accident at an estimated speed of fifty to fifty-five miles an hour.

The defendant's witnesses were nearly all eyewitnesses to the collision. They included the driver of the bus, three or four of its passengers, themselves injured in the accident, and two men driving southward on a truck at the time. In spite of some minor inconsistencies and inaccuracies to be expected in such cases, these witnesses all testified that the defendant's bus was proceeding northward on its right side of the highway, at a speed of not more than thirty miles an hour; that, when danger seemed imminent, the bus driver applied his brakes and sounded his horn. They further testified, or the majority of them did, that the Chevrolet car, driven at a high speed, came suddenly from behind a south-bound truck and proceeded thereafter on its wrong side of the road up to the point of collision. In this respect the defendant's evidence is wholly without contradiction. The career of the bus to the west after impact is explained as being due to the fact that immediately before impact its driver, seeing that a head-on collision was imminent, swung to the left, at the same time as the Chevrolet car was swung in that direction.

At the conclusion of all of the evidence, a motion by the defendant for peremptory instructions in its favor was granted by the District Judge, on the ground that there was no substantial evidence of the defendant's negligence to submit to the jury. The granting of this motion, and the direction of the verdict against plaintiff, is the error complained of.

We think the court below did not err in its disposition of the case. The conclusion of the witnesses that the skid marks observed upon the pavement were the marks of the bus tires was clearly but an inference, the reasonableness of which loses force, if indeed it is not completely destroyed, by the fact that the bus had double tread tires, and that none of the witnesses identified the marks as those of double tires. So with the presence of broken glass and blood on the west side of the pavement, and the position of the vehicles. To assume that these mute witnesses of the collision mark the place of impact, we must first assume that the colliding cars stopped upon impact. This is building one inference upon another, and we have therefore a case where the desired inference is precluded for the reason that the plaintiff's right of recovery depends upon the existence of a particular fact, which must itself be inferred from others likewise inferred, and this is not permissible in the face of positive and otherwise uncontradicted testimony of unimpeached witnesses that the fact upon which the first inference is based did not exist. Pennsylvania Railroad Co. v. Chamberlain, 53 S. Ct. 391, 77 L. Ed. 819, decided February 13, 1933. The testimony as to the speed of the bus at a point half a mile away from the scene of the accident is wholly without probative force upon the issue of causal negligence.

But, aside from the question of the defendant's negligence, the judgment below must be affirmed because the record clearly demonstrates the contributory negligence of plaintiff's intestate. The uncontradicted ev-

idence shows that she came rapidly from behind a south-bound car to the wrong side of the highway, and remained there until immediately prior to impact. While the question of due care is very generally left to the jury, nevertheless, when a standard of conduct is clear, it should be laid down by the court. Baltimore & Ohio Railroad Co. v. Goodman, 275 U. S. 66, 48 S. Ct. 24, 72 L. Ed. 167, 56 A. L. R. 645. The reasoning of this court in Standard Oil Company v. Noakes, 59 F.(2d) 897, is applicable here. It must be clear to all who drive the highways that due care requires an automobile driver passing another vehicle bound in the same direction to be reasonably certain that no approaching vehicle from the opposite direction will prevent him from returning to his own side of the highway in time to avoid danger to himself and others. It is not quite clear from the record whether or not the decedent, after passing the south-bound truck, had opportunity to return to the right side of the highway. If she had not, she should not have ventured, and, if she had, she did not avail herself thereof. In either event she was negligent, and recovery must be denied.

Failure on the part of the defendant to plead contributory negligence did not prevent it from relying thereon. While in the Federal courts contributory negligence is an affirmative defense, with the burden of proving it upon the defendant, it need not be specially pleaded, in the absence of a local statute requiring it. Canadian Pacific Railway Co. v. Clark (C. C. A. 2) 73 F. 76; Id. 74 F. 362 (C. C. A. 2); Long Island Railroad Co. v. Darnell, 221 F. 191 (C. C. A. 2). No such special plea is required in Tennessee. Section 4638, Shannon Code.

The judgment below is affirmed.