## MATHEWS v. BRADFORD et al.

No. 6439.

Circuit Court of Appeals, Sixth Circuit.

April 9, 1934.

James M. Hengst, of Columbus, Ohio, for appellant.

P. S. Bradford, of Columbus, Ohio (J. F. Atwood, Richard V. Willcox, and Florizel Smith, all of Columbus, Ohio, on the brief), for appellees.

Before HICKS and SIMONS, Circuit Judges, and HAHN, District Judge.

SIMONS, Circuit Judge.

The appellant is the holder of certificates in the E. N. Lodge Company, appellee, wherein it is declared that she is the owner of a certain number of shares of $100 each of the preferred capital stock of the company, transferable only on its books by the holder in person, or by attorney, upon the surrender of the certificates properly indorsed. The appellee Bradford is receiver for the E. N. Lodge Company, appointed (presumably) in an equity receivership proceeding brought against that company by the District of Columbia Paper Manufacturing Company, appellee. Appellant intervened, and, while diversity of citizenship in the original case does not appear, we assume, since it appears to be conceded, that the District Court had ju-

risdiction. See Winn v. Consolidated Coach Corporation, 65 F.(2d) 256 (C. C. A. 6), and cases there cited.

The question to be decided is whether the appellant in relation to the E. N. Lodge Company is a stockholder or a creditor, entitled to share with other general creditors in assets being liquidated by the receiver. On her behalf it is contended that the contract itself gives her the status of a creditor, and that the facts surrounding the issue of the certificates and the subsequent action of the corporation with respect to them demonstrate a debtor-creditor rather than a stockholder relationship.

The original certificates were issued to the appellant in pursuance of an agreement by which the E. N. Lodge Company purchased the entire assets of the Kimball-Mathews Company, a corporation, in which the appellant had a substantial interest. They were dated August 19, 1921, and thereafter, as shares they represented were from time to time redeemed, new certificates were issued for the unredeemed shares as of the date of the original issue. The pertinent provisions of the certificates, original and re-issue, are as follows:

"The holders of the preferred stock shall be entitled to a dividend of 8%, per annum, payable annually out of the surplus profits of the company for each year in preference to all other stockholders, and such dividends shall be cumulative.

"Such preferred stock shall be redeemed at its par value with the accrued dividends thereon on or before ten years after the date of the issue thereof, and at least one per centum of such preferred stock shall be redeemed at its par value with the accrued dividends thereon each year during said ten-year period. Such preferred stock shall be non-voting, and shall be non-participating except as above specified."

Approximately one year after the issue of the original certificates 5 per cent. of the stock held by the appellant was redeemed. Each year thereafter, up to and including 1929, 1 per cent. of the original number of appellant's shares was redeemed; the last redemption being on December 11, 1929. Whenever such redemption took place, 8 per cent. was added to the par value of the redeemed shares and credited to the stockholder upon the books of the corporation as interest from the date of original issue. All such redemptions were made in pursuance of resolutions adopted at a meeting of directors and entered upon the minute books of the corporation. In addition, dividends on preferred stock of 2 per cent. quarterly were from time to time declared by similar action of the directors, and credited to the stockholder as dividends. On August 19, 1931, the company's obligation to redeem the remaining preferred stock matured. While the record is silent as to the date when the receiver was appointed, we assume from the language of the briefs that it was some time after the final redemption date. Proof of claim was filed with the receiver by the appellant as a creditor on June 28, 1932, and upon its disallowance her intervening petition followed on September 12, 1932.

The appellant's contention is that she was a creditor of the corporation from the beginning, but, in any event, a creditor of the corporation after August 19, 1931, when the balance of the outstanding shares should have been redeemed. Her principal reliance is upon the leading case of Burt v. Rattle, 31 Ohio St. 116, decided by the Ohio Supreme Court in 1876, wherein it was held that one who advances money to a corporation and takes a bond and mortgage for its repayment, and who by express agreement between the parties takes no interest or risk in the concerns of the company, is a creditor of the company, and to call him a stockholder is a simple misnomer.

The weakness of appellant's position is that the most important circumstance in the case relied upon is not here present. We may without qualification grant her premise that "the form of a contract is by no means decisive of its real character," Corcoran & Riggs v. Powers et al., 6 Ohio St. 19, without conceding its application to the present case. In the Burt Case the bond and mortgage given to secure the issue of preferred stock created a lien upon specific assets of the corporation superior to the rights of general creditors, and established a debtor-creditor relationship repugnant to the contention of the receiver that the claimant was a stockholder.

■■ While the designating of securities as preferred stock is not conclusive upon the status of the holder, yet what the parties in a given case have called the subject of the contract is of no little significance in determining their purpose, and, where the purpose authorized and the purpose declared is an issue of stock and not the creation of a debt, the intention to create a debt should be clear and convincing; Miller, Executor, v. Ratterman, 47 Ohio St. 141, 24 N. E. 496; Hamlin v. Toledo, S. L. & K. C. R. Co., 78

F. 664, 671, 36 L. R. A. 826 (C. C. A. 6), and as was said by Judge Lurton in the latter case: "The surrender of the right to vote does not make them (share holders) creditors. They bargained for preferred shares of stock,—preferred as to dividends and preferred as to capital. * * * If they intended to become creditors, and not stockholders, they adopted a most singular method of defining their relation. We will not presume that their purpose was to adopt a device by which they might·withdraw their contribution to the capital stock and leave creditors unpaid. If they intended that, they have not made it plain, and, if it was plain, the device would be invalid as to creditors."

In Vanden Bosch v. Michigan Trust Co. (C. C. A.) 35 F.(2d) 643, 645, this court had occasion to construe a Michigan statute affecting the status of stockholders and containing terms somewhat similar to those in the contract here involved. It was there held that an agreement to make redemption of preferred stock imperative did not create a debtor-creditor relationship, nor did the arrival of the maturity date work any magic change in its character. "Claimant's transmutation from stockholder to creditor was not completed merely by the hand of the clock." It was also said that the claimant had only an unfulfilled promise to redeem, and that to say that preferred stockholders are from the beginning dominantly creditors would in the opinion of the court work a revolutionary change in long-accepted principles, and those who were asked to give credit must revise familiar standards of credit, and that, if the Legislature intended such complete upsetting of known standards, it could easily have used express words. What was there said of the statute can be here said of the contract.

In the Vanden Bosch Case, as here, there was no repudiation by the plaintiff of her ostensible position as stockholder after default. In the instant case there was no redemption of the agreed percentage of the outstanding shares in 1930 or 1931, and there was a failure to redeem the remaining shares during such period as elapsed between the expiration of the ten-year redemption period and the beginning of the receivership proceedings. As was intimated by this court in the Vanden Bosch Case, though not decided, there might have arisen a different question had the stockholder before receivership obtained judgment or even brought suit upon the unfulfilled promise to redeem, and

this consideration alone is enough to distinguish from Mannington v. Railroad Co. (C. C.) 183 F. 133, and Durand v. Brown, 236 F. 609 (C. C. A. 6).

One other contention must be briefly mentioned. The argument that, because the corporation treated part of the dividends as interest upon its books, the appellant must be considered as a creditor rather than as a shareholder, has little persuasiveness. If it be true, as we have conceded, that calling a certificate preferred stock is not conclusive, the converse must also be true, and the mere calling of dividends interest does not make them so. It may also be suggested that payment of a debt or interest thereon does not usually require the authority of a formal resolution passed at a special meeting of the board of directors. In view of what we have said, it follows that the order below is affirmed.