### 28327. FOSTER *v.* JONES.

DECIDED NOVEMBER 22, 1940. REHEARING DENIED DECEMBER 17, 1940.

*Kelly & Hicks,* for plaintiff.
*Wright & Willingham,* for defendant.

MACINTYRE, J. 1. "Where a plaintiff in a civil case supports his action solely by circumstantial evidence, before he is authorized to have a verdict in his favor the testimony must be such as to reasonably establish the theory relied upon, and to preponderate

to that theory, rather than to any other reasonable hypothesis." *Georgia Railway & Electric Co.* v. *Harris,* 1 *Ga. App.* 714 (57 S. E. 1076).

2. "When a plaintiff's right to recover depended upon the establishment of a particular fact, and the only proof offered for this purpose was circumstantial evidence from which the existence of such fact might be inferred, but which did not demand a finding to that effect, a recovery by the plaintiff was not lawful, when, by the positive and uncontradicted testimony of unimpeached witnesses, which was perfectly consistent with the circumstantial evidence relied on by the plaintiff, it was affirmatively shown that no such fact existed." *Frazier* v. *Georgia Railroad & Banking Co.,* 108 *Ga.* 807 (33 S. E. 996).

3. "A fact can not be established by circumstantial evidence which is perfectly consistent with direct, uncontradicted, reasonable and unimpeached testimony that the fact does not exist." *Neill* v. *Hill,* 32 *Ga. App.* 381, 382 (2-*b*) (123 S. E. 30).

4. In this case, the plaintiff supports his case by circumstantial evidence alone, and every circumstance (fact) relied upon by the plaintiff to support his action is by inference alone, and is not inconsistent with the direct, reasonable, and unimpeached testimony of a witness who testified positively and affirmatively that no such facts existed. *Penn Mutual Life Insurance Co.* v. *Blount,* 39 *Ga. App.* 429, 442 (147 S. E. 768). Therefore it results, from an application of the above principles to the evidence in this case, that the judge did not err in granting a nonsuit.

*Judgment affirmed. Broyles, C. J., concurs.*

GARDNER, J., concurring specially. I concur in the judgment upon the principle announced in division 1 of the opinion, but I can not see that the facts of this case apply to the principles announced in divisions 2, 3, and 4 of the opinion. To me the record fails to reveal any positive and uncontradicted testimony other than circumstantial evidence; but I do not think that the circumstantial evidence as applied to the theory relied on by the plaintiff for a recovery preponderates sufficiently to exclude every other reasonable hypothesis as to the proximate cause of the injury.