## DAYTON VENEER & LUMBER MILLS v. CINCINNATI, N. O. & T. P. RY. CO.

No. 9192.

Circuit Court of Appeals, Sixth Circuit.

Dec. 9, 1942.

See, also, 34 F.Supp. 87; D.C., 1 F.R.D. 444.

Burnet Sizer, of Chattanooga, Tenn. (J. B. Swafford, of Dayton, Tenn., and Sizer, Chambliss & Kefauver, of Chattanooga, Tenn., on the brief), for appellant.

Phil B. Whitaker, of Chattanooga, Tenn. (O. W. McKenzie, of Dayton, Tenn., and Whitaker, Hall, Haynes & Allison, of Chattanooga, Tenn., on the brief), for appellee.

Before SIMONS, MARTIN, and McALLISTER, Circuit Judges.

PER CURIAM.

After a mistrial to a jury, the district court entertained and granted, pursuant to Civil Procedure, rule 50(b), 28 U.S.C.A. following section 723c, a motion of the defendant-appellee for a directed verdict.

The cause of action of plaintiff-appellant for damages sustained in the stipulated amount of $52,312.17, from destruction by fire of its lumber mill at Dayton, Tennessee, was grounded upon the alleged negligence of the employees of the appellee railroad company in lighting and in failing to extinguish a grass fire along its right-of-way.

The sole issue here is whether the record contains sufficient evidence of proximate causal connection between the actions of employees of appellee and the destruction by fire of appellant's property to sustain the contention of appellant that the directed verdict was erroneous.

Viewing all the evidence in the case in the light most favorable to the appellant, the conclusion has been reached that the district court did not err in granting the motion of appellee for a directed verdict. Discarding the testimony of witnesses introduced by the defendant-appellee and adopting that of the strongest witness for the plaintiff-appellant, grass and weeds were burning at two o'clock P.M., within an area about ten feet square on the railroad company's right-of-way one hundred feet from the plaintiff's building.

This grass fire did not burn for more than five minutes, however, before it was completely extinguished, according to the positive testimony of witnesses for the defendant; nor was the grass fire observed to be burning after two o'clock P.M., by any witness who testified in the case. The early stage of the fire which burned the plaintiff's buildings was not discovered until some four hours later. Several witnesses testified that, in the interim, they passed along the roadway between the structure first burned and the railroad right-of-way where fire had been kindled, and that they observed no fire in the grass on the right-of-way and smelled no smoke.

There was no evidence of fire on or near plaintiff's premises, or in the ditch extending from underneath its warehouse, prior to the burning of plaintiff's buildings. No one using the driveway into plaintiff-appellant's premises, over which sparks or flames would necessarily have traveled to reach the building had the fire emanated from appellee's right-of-way, observed sparks, or fire of any sort, or smelled smoke. The foreman of the appellee stood uncontradicted in his positive assertion that he had completely extinguished the fire on the railroad right-of-way.

Extended discussion of the evidence seems unnecessary. From the most favorable viewpoint of appellant's evidence, there was nothing to submit to the jury except a choice of probabilities. Evidence which presents no more than a choice of probabilities is not deemed substantial enough to warrant the submission of a case to the jury. Liability cannot be predicated upon mere conjecture or speculation as to the proximate cause of damage. Gulf Refining Co. v. Mark C. Walker & Son Co., 6 Cir., 124 F.2d 420, 425, 426, and other decisions of this court there cited. See, also, Virginia & S. W. Railway Co. v. Hawk, 6 Cir., 160 F. 348; Meador v. N. C. & St. L. R. R., 177 Tenn. 273, 148 S.W.2d 371; Nashville, C. &. St. L. R. R. v. Sutton, 21 Tenn.App. 31, 104 S.W.2d 834.

The judgment of the district court is affirmed.