### SOUTHERN RY. CO. v. BIRCH.

No. 12996.

United States Court of Appeals
Fifth Circuit.

Nov. 10, 1950.

H. D. Russell, John B. Harris and John B. Harris, Jr., all of Macon, Ga., for appellant.

Edward F. Taylor, W. A. Bootle, Macon, Ga., for appellee.

Before HUTCHESON, Chief Judge, and HOLMES and BORAH, Circuit Judges.

HUTCHESON, Chief Judge.

The suit was for fire damage to property adjoining the railway tracks and right-of-way of defendant.

The claim was that the fire was negligently set on defendant's right-of-way and spread to and burned plaintiff's property. The negligence alleged was: permitting accumulations on the right-of-way of dead and inflammable vegetation and trash; and so equipping and operating defendant's engines as to permit and cause the emission of sparks which, first igniting and burning the trash on the right-of-way, spread to and burned off plaintiff's property.

The defendant generally and specifically denied these allegations.

The cause coming on for trial before a jury on the issues of fact tendered whether the fire and damage was caused by the negligence of the defendant, defendant's motion for a directed verdict at the conclusion of the trial was denied, there was a verdict and judgment for plaintiff, and defendant has appealed.

Here, urging that its motion for a directed verdict was erroneously denied, the appellant, citing cases from Georgia[1] and elsewhere,[2] urges in support of its insistence two major grounds.

The first is that there being no direct evidence that sparks from one of defendant's engines fell upon the plaintiff's property, plaintiff was compelled to rely entirely on circumstantial evidence for a finding that they did so, and that this evidence fell far short, under both Georgia and Federal decisions, of the proof required, in a circumstantial fire damage case, for taking the issues to the jury.

The second point is that, whatever might be said of the sufficiency of the circumstantial evidence relied on to prove that defendant's engines set the fire if this evidence stood alone, it did not stand alone. It was completely rebutted and overcome by the direct testimony of defendant's witnesses that the fire began to burn on plaintiff's property before either of the freight trains, which could have emitted the sparks plaintiff claims were responsible for the fire, had reached its vicinity, and that this testimony, standing uncontradicted and neither impeached nor discredited, could not have been disregarded but as matter of law must have been accepted as true by court and jury and a verdict directed for defendant accordingly.

To its second point, appellant cites cases from Georgia[3] and from the federal courts,[4] with particular emphasis on the Arnall and Texas Company cases from this court.

1. Atlantic Coast Line R. Co. v. Davis & Brandon, 5 Ga.App. 214, 62 S.E. 1022; Louisville & N. R. Co. v. Studdard, 34 Ga.App. 570, 130 S.E. 532; Seaboard Air Line Ry. v. Jarrell, 145 Ga. 688, 89 S.E. 718; Atlantic Coast Line R. Co. v. McElmurray Bros., 12 Ga.App. 23, 77 S.E. 2.

2. Chicago, Milwaukee & St. Paul R. Co. v. Coogan, 271 U.S. 472, 46 S.Ct. 564, 70 L.Ed. 1041; Westland Oil Co. v. Firestone Tire & Rubber Co., 8 Cir., 143 F. 2d 326.

3. Georgia R. & Electric Co. v. Harris, 1 Ga.App. 714, 57 S.E. 1076; Foster v. Jones, 64 Ga.App. 66, 12 S.E.2d 141; Taylor v. Central Railroad & Banking Co., 79 Ga. 330, 5 S.E. 114; Georgia Southern & Florida Co. v. Thompson, 111 Ga. 731, 36 S.E. 945.

4. Pennsylvania R. Co. v. Chamberlain, 288 U.S. 333, 53 S.Ct. 391, 77 L.Ed. 819; Winn v. Consolidated Coach Corp., 6 Cir., 65 F.2d 256; Dayton Veeneer & Lbr. Mills v. Cincinnati, N. O. & T. P. R. Co., 6 Cir., 132 F.2d 222; Arnall Mills v. Smallwood, 5 Cir., 68 F.2d 57; Texas Co. v. Hood, 5 Cir., 161 F.2d 618.

Appellee vigorously contests both of appellant's positions. Setting out fully the evidence she relied on by quotations from and references to the record, she insists that the circumstances in evidence furnish ample warrant for the verdict and that it finds full support in the applicable state and federal decisions.

Citing the same Georgia cases that appellant cites and others, including Southern Railway Co. v. Herrington, 128 Ga. 438, 57 S.E. 694, and Davis v. Bellah, 29 Ga.App. 409, 116 S.E. 30, and quoting from one of them,[5] citing also and relying on a case from this court,[6] she vigorously insists that the evidence in this case measures up to, indeed goes beyond the evidence in those cases where verdicts were found for plaintiff and the judgments were sustained against attack.

Her reply to the second count is equally detailed and confident. Quarreling not at all with the rule laid down in the cases cited and relied on by appellant, she insists that under the facts of this case the application of the rule would not take the case from, it would send it to, the jury. For here the testimony relied on for an instructed verdict was contradicted, impeached and discredited, and a clear cut jury issue was made out as to whether it was credible and should be believed.

We agree with appellee. Without setting out any of the voluminous testimony, it is sufficient for us to say on appellant's first point, as we did in the St. Andrews case, note 6, supra, that the circumstances made out a case for the jury and that there was testimony of facts and circumstances which, if believed by the jury, justified the verdict for plaintiff.

Upon appellant's second point, that the direct evidence of its witnesses, that the fire was burning on the Birch property before either of the described freight trains reached it, demands a finding for the appellant, we agree with appellee that this is not a case within the application of the rule appellant invokes requiring that the case be taken from the jury. The case is like the case of Mutual Life Ins. Co. of New York v. Sargent, 5 Cir., 51 F.2d 4, where, notwithstanding the claim that there was positive and uncontradicted testimony of a witness, the case was sent to the jury and the verdict and judgment were sustained. It is, too, like Gibson v. Southern Pacific Co., 5 Cir., 67 F.2d 758, in which a verdict was instructed for defendant and the judgment on the verdict was reversed. What was said in Gibson's case[7] has particular force here.

No reversible error appearing, the judgment is affirmed.

5. "But few cases will occur, however, where the fact that the fire was communicated is susceptible of direct proof. Consequently, such proof must be more or less circumstantial." Gainesville, Jefferson & So. R. Co. v. Edmondson, 101 Ga. 747, 29 S.E. 213, 214.

6. Atlanta & St. Andrews B. Ry. Co. v. Register, 5 Cir., 69 F.2d 323.

7. "We think appellant is right that this is not a case for the rule appellee invokes. That rule, but an application of the more general one, that it is the duty of the trial judge not to submit a case to the jury where there is no evidence on which they could base a verdict, Small Co. v. Lamborn & Co., 267 U.S. 248, 45 S.Ct. 300, 69 L.Ed. 597, applies in cases where there is nothing in other evidence, nor in the tale itself, to furnish any basis for discrediting it or for fixing fault in the defendant it seeks to exonerate, and the case stands as those cases do where verdicts are instructed for the one side or the other because there is no evidence at all, or the evidence is all one way. Winn v. Consolidated Coach Corp., 6 Cir., 65 F. 2d 256; Frazier v. Georgia R. R. & Banking Co., 108 Ga. 807, 33 S.E. 996; St. Louis Iron Mt. & S. R. Co. v. Landers, 67 Ark. 514, 55 S.W. 940. * * * "It will serve no useful purpose to collate or discuss the authorities upon the conclusive effect of the testimony of a witness not directly contradicted. Of the multitude of them many are collected in an exhaustive note in Kelly v. Jones, [290 Ill. 375, 125 N.E. 334, 8 A.L.R. 792]. In some jurisdictions the leaning is toward a jury verdict. In others, against it. In the end whether a verdict should be instructed is one for the exercise of judgment, not for the mechanical application of formulae. We think that judgment was wrongly exercised here in taking the case from the jury. * * * The judgment is reversed". [67 F.2d 762.]